Opinion
 

 FEINBERG, J.
 

 The issue before us on this petition for a writ of mandate and/or prohibition is whether a judge against whom a challenge under Code of Civil Procedure section 170.6
 
 [1]
 
 has been filed in a particular case is disqualified from thereafter setting and conducting a settlement conference in that case. We hold that the trial court is not so disqualified.
 

 
 *989
 
 The facts are not in dispute. Petitioner, counsel for plaintiff in superior court action No. 14818, filed a timely challenge to the judge of the superior court.
 
 [2]
 

 While the challenge did not specify whether it was pursuant to Code of Civil Procedure section 170 or 170.6, in form, the challenge is in the language of section 170.6. The parties have treated the challenge as a section 170.6 challenge and we do so as well.
 

 Subsequent to the filing of the challenge, the challenged judge set a mandatory settlement conference and notice was duly given to the parties. The settlement conference was set for February 5, 1978. On February 2, 1978, a member of petitioner’s office phoned to the superior court courthouse to inquire as to what judge would conduct the settlement conference. He was advised that the challenged judge would do so. Petitioner’s associate protested, stating that the judge was disqualified from any participation by virtue of the section 170.6 challenge. On February 5, 1978, still another member of petitioner’s office phoned the judge’s secretary, confirmed that the judge would conduct the settlement conference and stated that, as a consequence, no one from petitioner’s office would appear at the conference. Their conversation was “confirmed” in a letter to the judge’s secretary dated February 5, 1978, a copy of which was sent to counsel for real parties in interest. This appears to be the first time that real parties in interest were given notice that petitioner would not appear.
 

 Petitioner was not present at the settlement conference of February 5, 1978. Counsel for real parties in interest did appear. On February 5, 1978, the challenged judge issued an order (1) continuing the settlement conference approximately one week; (2) directing that petitioner appear in the judge’s courtroom for the conduct of that conference; and (3) to show cause (a) why petitioner should not reimburse counsel for real parties in interest’s expenses incurred by attending the abortive February 5 settlement conference, and (b) why petitioner should not be held in contempt for his failure to appear at the settlement conference. The “show cause” portion of the order was made returnable before another judge.
 

 The petition before us seeks a writ to compel the challenged judge to vacate his order of February 5, 1978, in its entirety and to prohibit him
 
 *990
 
 from taking any further action in the underlying case. We issued an alternative writ and stayed the hearing on the order to show cause.
 

 Discussion
 

 Section 170.6, in pertinent part, provides: “(1) No judge . . . shall try any civil . . . action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact” if a proper and timely challenge has been filed under the section.
 

 There is no dispute but that petitioner’s challenge to the judge was in proper form and timely.
 

 It appears to be petitioner’s contention that a challenge under section 170.6 precludes the challenged judge from taking
 
 any
 
 action in the proceeding in which he has been challenged.
 

 In our view, such an interpretation of section 170.6 is overbroad. The section prohibits a judge from
 
 trying
 
 any action or proceeding when he has been challenged. Obviously, a settlement conference is not a trial. The section also directs the challenged judge not to “hear any matter therein [civil or criminal action or special proceeding]
 
 which involves a contested issue of law or fact.”
 
 (Italics added.) Petitioner’s interpretation would read out the emphasized language quoted.
 

 If, by way of contrast, we compare section 170, which also provides for challenges to a judge, we observe that where there is a proper challenge under section 170, the Legislature made it clear that the challenged judge cannot sit in any capacity as a judge by providing that in section 170, in such an eventuality, “[n]o .. . judge shall sit or act as such .. . .”
 

 It is apparent, then, that the Legislature has provided an integrated scheme for the disqualification of judges.
 

 A challenge for prejudice under section 170 may be contested by the judge challenged. If the challenge is sustained, or if there is no contest to the challenge, the judge may not sit in the underlying action at all. A challenge for prejudice under section 170.6 is peremptory in nature; it cannot be contested, but the disqualified judge is enjoined only from tiying the case or hearing any matter involving a disputed issue of law or fact.
 

 
 *991
 
 While we can find no reported case in point, there is persuasive authority for our holding herein in a dictum of
 
 People
 
 v.
 
 Wilks
 
 (1978) 21 Cal.3d 460 [146 Cal.Rptr. 364, 578 P.2d 1369], where the court said “[i]f disqualified [under section 170.6], the judge may neither try the case nor ‘hear any matter therein which involves a contested issue of law or fact.’
 
 However, the judge may participate in any nontrial proceeding that does not involve such an issue.
 
 [Citation.]” (Italics added.) (At p. 466.)
 

 We come then to the final question: In a mandatory settlement conference, does a judge “hear any matter . . . which involves a contested issue of law or fact”?
 

 We are of the view that when the Legislature stated in section 170.6 that a disqualified judge may not “hear any matter . . . which involves a contested issue of law or fact,” it used the word “hear” in its legal sense, i.e., a hearing wherein the court is called upon to
 
 rule
 
 upon some disputed issue of law or fact based upon legal argument or evidence or both before the court. We find support for this view in the Report of the Senate Judiciary Committee, page 104, volume 1 of Appendix to Journal of the Senate (1957 Reg. Sess.). In elucidating the legislative intent in enacting section 170.6, the report states: “Freedom from the imputation of disqualification on the part of the judge
 
 determining
 
 all contested matters better serves the administration of justice.” (Italics added.)
 

 In this light, a settlement conference is not a proceeding where the court will “hear any matter . . . which involves a contested issue of law or fact.”
 

 Mandatory settlement conferences are provided for in rule 207.5 of the California Rules of Court. The rule states that settlement conferences shall be held “informally.” If there is no settlement, no reference may be made to the settlement conference thereafter in the course of the case except in subsequent settlement conferences. (Rule 207.5.)
 

 Rule 214(b) of the California Rules of Court, with regard to pretrial conference orders, explicitly provides that “[t]he pretrial
 
 conference order
 
 shall not contain any reference to settlement of the case.”
 
 [3]
 
 (3) And it is a truism that a court has no power to compel a litigant to settle a case at
 
 *992
 
 any stage of the legal proceedings.
 
 (Wisniewski
 
 v.
 
 Clary
 
 (1975) 46 Cal.App.3d 499, 505 [120 Cal.Rptr. 176].)
 

 The role of the judge in a settlement conference has been described as follows:
 

 “First, judicial participation often creates a climate that expedites productive negotiations for settlement. Some attorneys are reluctant to open settlement negotiations for fear their action may be construed as indicating a lack of confidence in the strength of their position. When both counsel share this reluctance, negotiations may never be undertaken or may be deferred too long to be fully effective. Judicial invitation to explore settlement possibilities informally can ‘break the ice.’
 

 “Second, the judge contributes the views of an outsider who usually enjoys considerable prestige. Without exerting undue pressure to forego a trial, he may diplomatically explore with counsel the strengths and weaknesses of their respective positions, pointing out possible defects or advantages that may have been overlooked. On request, or on his own motion, he may also express tentatively his appraisal of the settlement value of the case, or of the range in which settlement discussions may realistically proceed. Counsel whose authority to negotiate is narrowly circumscribed by his client often may find the court’s opinion a helpful basis for inducing his client to reevaluate the case and authorize a more realistic compromise. In short, although many cases are settled extrajudicially, even more can be settled with judicial assistance.
 

 “Third, a settlement conference presided over by an impartial judge often constitutes a practical substitute for a trial, especially when the parties consider that a matter of principle is at stake and they insist on having their ‘day in court.’ After participating in a settlement conference, at which their contentions and those of the opposing parties have been heard and evaluated by the judge, they frequently are satisfied that their case has been properly disposed of with the impartial and objective assistance of the judicial process.” (Cal. Pretrial and Settlement Procedures (Cont.Ed.Bar 1963) § 7.3, p. 170.)
 

 Considering the function of a judge in a settlement conference, it is at least arguable that a judge who has been disqualified by a litigant, for prejudice,
 
 should
 
 not conduct the settlement conference. In a multi-judge court, such a problem can be avoided relatively readily. In a one-judge court, as here, there are practical difficulties we need not pursue further.
 

 
 *993
 
 In any event, we are not confronted with the question of the
 
 wisdom
 
 of a section 170.6 disqualified judge conducting a settlement conference but rather whether such a judge is
 
 disqualified
 
 from holding the conference at all.
 

 Since our analysis has led us to the conclusion that a settlement conference is not a hearing in which contested issues of law or fact are determined, it follows that the judge who had been disqualified by a challenge pursuant to section 170.6 was not disqualified from conducting the settlement conference.
 

 Thus, the disqualified judge had the power to issue the order to show cause directed to petitioner’s failure to appear at the settlement conference. (See rule 217, Cal. Rules of Court.)
 

 We need not, and do not, reach the question as to whether the disqualified judge can preside over the hearing on the show-cause order for that hearing was set before another judge.
 

 Petitioner has filed several motions with this court that were taken under submission:
 

 The motion for leave to file an answer to the return of real parties in interest is granted and the answer is ordered filed.
 

 The motion to strike the
 
 unverified
 
 answer of respondent court as being violative of rule 56(c) of the California Rules of Court is granted.
 

 The stay order heretofore issued by this court is vacated; the alternative writ is discharged; the petition for writ of mandate and/or prohibition is denied.
 

 White, P. J., and Scott, J., concurred.
 

 Petitions for a rehearing were denied August 10, 1979, and petitioner’s application for a hearing by the Supreme Court was denied September 20, 1979.
 

 [1]
 

 Hereafter, all section references are to the Code of Civil Procedure unless otherwise noted.
 

 [2]
 

 We take judicial notice (Evid. Code, § 459) that the superior court involved has but one judge.
 

 [3]
 

 The pretrial order, of course, determines the issues for trial, indicating what is and is not in dispute, and the factual and legal contention by the parties as to the issues in dispute. (Rule 216, Cal. Rules of Court.)