[No. H021901. Sixth Dist. July 5, 2001.]

JENNIFER G. GRANT, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
RIVA JACOBS et al., Real Parties in Interest.

**COUNSEL**

Morgan, Franich, Fredkin & Marsh, Mark B. Fredkin and Elizabeth M. Pappy for Petitioner.

Ann Miller Ravel, County Counsel, and David E. Kahn, Deputy County Counsel, for Respondent.

Stenberg, Sunseri, Roe, Pickard & Rudy and Salvatore J. Sunseri for Real Parties in Interest.

**OPINION**

**PREMO, Acting P. J.—**

## I.  INTRODUCTION

This original proceeding arises from a personal injury action in which the plaintiff has filed a petition for a writ of mandate directing respondent court

to vacate its order denying her Code of Civil Procedure section 170.6[1] peremptory challenge. Petitioner contends that the trial court judge erred in denying the peremptory challenge as untimely on grounds that the judge had previously ruled on two ex parte applications. We agree that the judge's rulings did not bar a subsequent peremptory challenge. However, the trial court's refusal to accept petitioner's peremptory challenge was proper on other grounds. As we shall explain, section 170.6 does not permit a peremptory challenge to be filed or accepted when, as here, no trial or hearing involving a contested issue of law or fact is pending and the judge does not have an all-purpose assignment. Accordingly, we will deny the petition for writ of mandate.

## II. Factual and Procedural Background

In December 1999, plaintiff Jennifer G. Grant filed a personal injury complaint against defendant Riva Jacobs, which alleged injuries sustained in an automobile accident. On January 26, 2000, plaintiff filed an ex parte application for an extension of time to serve the complaint. The extension was sought on grounds that plaintiff had agreed to submit to an independent medical examination and the parties hoped that the matter would settle without the necessity of serving the complaint. The Honorable Conrad Lee Rushing granted the ex parte application and issued an order extending the time for service of the complaint. However, the case did not settle and plaintiff had difficulties when she attempted to serve defendant. Eventually, plaintiff filed an ex parte application for an order for publication of summons, stating that plaintiff had been unable to locate defendant. Judge Rushing granted the ex parte application, and issued an order dated June 21, 2000, authorizing service by publication.

Thereafter, on July 14, 2000, plaintiff filed a section 170.6 peremptory challenge to Judge Rushing, which the judge did not immediately accept or reject. Instead, during the July 25, 2000, case management conference, Judge Rushing requested plaintiff to file a letter brief concerning the timeliness of the peremptory challenge. Plaintiff complied by filing a letter brief dated August 8, 2000, in which she explained that the peremptory challenge had been timely filed more than five days before any hearing date, as required by the 10-day/5-day rule set forth in section 170.6. Plaintiff also asserted her belief that a peremptory challenge is timely whenever a hearing which involves a contested fact issue has yet to be held.

Judge Rushing denied the peremptory challenge in an order filed August 17, 2000. The order states, "This court granted an Order Extending Time for

---

[1]All further statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

Service on January 26, 2000, and a further Order For Publication of Summons on June 20, 2000, therefore the challenge filed July 14, 2000, is untimely." Plaintiff filed a petition for a writ of mandate directing respondent court to grant her peremptory challenge of Judge Rushing. ■■■■ We issued an alternative writ and order to show cause, invited real parties in interest to file a return, and also imposed a temporary stay on trial court proceedings.[2]

## III. Discussion

### A. Writ Review of an Order Denying a Peremptory Challenge

■ An order granting or denying a peremptory challenge is not an appealable order and may be reviewed only by way of a petition for writ of mandate filed within 10 days of notice to the parties of the decision. (§ 170.3, subd. (d).) The standard of review is abuse of discretion. (*Zilog, Inc. v. Superior Court, supra,* 86 Cal.App.4th at p. 1314; *City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 584 [256 Cal.Rptr. 274].) As explained below, we find that petitioner's peremptory challenge was filed at a time when a peremptory challenge is not permitted under the rules set forth in section 170.6, and therefore conclude that the trial court did not abuse its discretion when it denied petitioner's section 170.6 peremptory challenge.

### B. The Code of Civil Procedure Time Limits for Filing a Peremptory Challenge

■ The rules for filing a peremptory challenge of a trial court judge are set forth in section 170.6. "Section 170.6 permits a party to obtain the

---

[2]Real parties in interest did not file a return. Respondent court filed a return to the petition for writ of mandate and sought oral argument on grounds that this original proceeding places the court's case management system at issue. We therefore address the issue of respondent court's standing to appear in this matter. Section 170.3, subdivision (d), authorizes only the parties to the underlying litigation to seek writ review of a disqualification order. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1071 [103 Cal.Rptr.2d 751, 16 P.3d 166].) Moreover, "[s]tatutes governing disqualification for cause are intended to ensure public confidence in the judiciary and to protect the right of the litigants to a fair and impartial adjudicator—not to safeguard an asserted right, privilege, or preference of a judge to try or hear a particular dispute." (*Id.* at p. 1070.) It follows that respondent court lacks standing to defend itself in a proceeding for writ review of a disqualification order. However, because respondent court's brief is of assistance to this court and because we recognize the impact of disqualification orders upon the court's case management system, we will consider the court's return as an amicus curiae brief filed in support of real parties in interest. (*Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315, fn. 2 [104 Cal.Rptr.2d 173].) On the court's own motion, respondent's request for oral argument was struck by our order of January 26, 2001. Respondent court filed a motion for reconsideration of the order. We have reconsidered the order as requested, and hereby deny the motion for reconsideration. Petitioner and real parties in interest were given the opportunity to request oral argument but did not do so.

disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body." (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4 [91 Cal.Rptr.2d 116].) Thus, "[w]here a disqualification motion is timely filed and in proper form, the trial court is bound to accept it without further inquiry." (*Ibid.*)

The time limits for filing a section 170.6 peremptory challenge are set forth in subdivision (2) of section 170.6, as interpreted by the California Supreme Court in *People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164 [17 Cal.Rptr.2d 815, 847 P.2d 1031] (hereafter *Lavi*). ■ In *Lavi*, the Supreme Court stated, "As a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing." (*Id.* at p. 1171.) However, the court recognized that section 170.6, subdivision (2) includes three express exceptions to the general rule: (1) the master calendar rule; (2) the all purpose assignment rule; and (3) the 10-day/5-day rule.

To determine whether a peremptory challenge has been timely filed, the trial court must decide whether the general rule or any of the three exceptions applies. (*Lavi, supra*, 4 Cal.4th at pp. 1172-1173.) ■ The first exception is the master calendar rule, which applies only to master calendar courts. A court is a master calendar court within the meaning of section 170.6 if cases are assigned to trial by the following method: "a trial-ready case must be assigned to a court [department] that is ready and able to hear the case." (*Lavi, supra*, 4 Cal.4th at pp. 1175, 1185.) In master calendar courts, a peremptory challenge must be filed no later than the time the case is assigned to trial. (§ 170.6, subd. (2).)

■ The second exception is the all purpose assignment rule. Under this rule, a peremptory challenge must be filed " 'within 10 days after notice of the judge's all purpose assignment.' " (*Lavi, supra*, 4 Cal.4th at p. 1178.) A trial court judge has an all purpose assignment if two criteria are met: (1) "the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial"; and (2) "that same judge must be expected to process the case 'in its totality.' " (*Id.* at p. 1180; see also *Pedus Services, Inc. v. Superior Court* (1999) 72 Cal.App.4th 140, 145 [84 Cal.Rptr.2d 771].)

■ Where neither the master calendar rule nor the all purpose assignment rule is applicable, the third exception, known as the 10-day/5-day rule, may govern the timeliness of the peremptory challenge. The 10-day/5-day rule provides that "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is

scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." (§ 170.6, subd. (2); *Lavi*, *supra*, 4 Cal.4th at p. 1182.)

■ Finally, if none of the three exceptions apply, "[a]s a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing." (*Lavi*, *supra*, 4 Cal.4th at p. 1171.) However, an otherwise timely peremptory challenge must be denied if the judge has presided at an earlier hearing which involved a determination of contested factual issues relating to the merits. (§ 170.6 subd. (2).)

## C. *A Peremptory Challenge Is Not Permitted Absent a Pending Trial or Hearing*

The general rule set forth in *Lavi*, *supra*, 4 Cal.4th 1164 that a challenge may be made any time before the commencement of a trial or hearing, merits further discussion because the rule is sometimes misconstrued to allow a peremptory challenge at any time during the course of litigation. ■ A peremptory challenge cannot be filed or accepted at any time. To the contrary, the plain language of section 170.6, subdivision (1) expressly limits a peremptory challenge to those times when either a trial or a hearing involving a contested issue of law or fact is pending on the trial court's calendar. Subdivision (1) of section 170.6 provides that "No judge, court commissioner, or referee of any superior or municipal court of the State of California *shall try* any civil or criminal action or special proceeding of any kind or character *nor hear any matter therein that involves a contested issue of law or fact* when it shall be established as hereinafter provided that the judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." (Italics added.) The only exception indicated in the statute is the all purpose assignment rule, which permits a peremptory challenge to an all purpose assignment judge expected to preside at trial although the trial date has not been set.

Thus, "[s]ection 170.6 provides only a limited right and is not a vehicle for disqualifying judges in all situations in which there is the potential for bias." (*Matthews v. Superior Court* (1995) 36 Cal.App.4th 592, 598 [42 Cal.Rptr.2d 521].) The intent of the Legislature to provide a limited right to a peremptory challenge is clear in the legislative history as well as the language of the statute. Section 170.6 was added to the Code of Civil Procedure in 1957 upon enactment of Senate Bill No. 829. (*Truck Ins. Exchange v. Superior Court* (1998) 67 Cal.App.4th 142, 146 [78 Cal.Rptr.2d

721].) When Senate Bill No. 829 was under consideration, the Office of Legislative Counsel reported that "Bill No. 829 provides a remedy when 'a judge is prejudiced against any such party or attorney or his interest so that the party or attorney cannot or believes he cannot have a fair and impartial trial or hearing before the judge.' " (67 Cal.App.4th at p. 146.) Thus, section 170.6 is intended to "provide the party and attorney with a substitution of judge to safeguard the right to a *fair trial or hearing*." (67 Cal.App.4th at p. 147, italics added.)

The limited right of section 170.6 does not, therefore, permit a peremptory challenge to be filed or accepted absent a pending trial, a pending hearing involving a contested issue of fact or law, or an all purpose assignment. As one commentator has noted, "Lawyers can disqualify a judge by filing a 'peremptory challenge' in any hearing." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2000) ¶ 9:121, p. 9(I)-67.) A "hearing" within the meaning of section 170.6 has been defined as "a hearing wherein the court is called upon to *rule* upon some disputed issue of law or fact based upon legal argument or evidence or both before the court." (*People v. Mezzetti* (1979) 94 Cal.App.3d 987, 991 [156 Cal.Rptr. 802], original italics.) Accordingly, a peremptory challenge cannot be used to disqualify a judge from presiding over a settlement conference, because a settlement conference does not involve a contested issue of fact or law and cannot be considered a hearing for purposes of section 170.6. (*Mezzetti v. Superior Court, supra*, 94 Cal.App.3d at p. 993.) For the same reason, a judge cannot be disqualified from presiding at a case management conference. Presiding at a case management conference does not involve ruling on contested issues of law or fact. However, when a law and motion matter requires determination of a contested issue of law or fact, a peremptory challenge may be filed to disqualify the judge from hearing the motion. (See, e.g., *Bouchard v. Insona* (1980) 105 Cal.App.3d 768, 770-771 [164 Cal.Rptr. 505].)

To the extent other appellate decisions may be construed to allow a section 170.6 peremptory challenge to be filed and accepted in the absence of a pending trial or hearing or an all purpose assignment, we respectfully disagree with those decisions. (See, e.g., *Pedus Services, Inc. v. Superior Court, supra*, 72 Cal.App.4th at p. 146 [holding that because the peremptory challenge was filed before the scheduling of any additional proceedings before the discovery referee, and "certainly more than five days before a hearing, it was timely"]; *Moreira v. Superior Court* (1989) 215 Cal.App.3d 42, 45 [265 Cal.Rptr. 437] [peremptory challenge motion timely filed before arraignment because "it effectively disqualified the targeted judge from all

further contested proceedings in the action occurring more than five days after the motion was filed"].) Without analysis, these decisions implicitly assume that a peremptory challenge can be filed at any time because a trial or hearing may be set sometime in the future. However, as we have discussed, this interpretation is contrary to (1) the plain language of section 170.6; and (2) the Legislature's intent that a peremptory challenge be used to disqualify a judge who will preside at a pending trial or hearing or who has an all purpose assignment. We find nothing in either section 170.6 or its legislative history which authorizes the use of a peremptory challenge to disqualify a trial court judge at any other time during the course of the litigation.

Therefore, in considering whether a peremptory challenge was timely filed, the threshold question is whether the challenge was properly filed in reference to a pending trial or hearing or an all purpose assignment. If the peremptory challenge was properly filed, the court then must determine, in light of the procedural posture of the case, whether the peremptory challenge was timely filed under the time limits set forth in section 170.6 as interpreted by our Supreme Court in *Lavi, supra,* 4 Cal.4th 1164.

### D. *Petitioner's Peremptory Challenge Was Not Properly Filed in Reference to a Pending Trial or Hearing*

In her petition, plaintiff initially contends that Judge Rushing erred in determining that her peremptory challenge was untimely filed on the grounds that his two prior rulings on petitioner's ex parte applications bar a subsequent peremptory challenge. She argues that because neither of the ex parte applications required a determination of a contested issue of fact relating to the merits, Judge Rushing's previous rulings have no preclusive effect. Further, petitioner maintains that her peremptory challenge was timely filed under the 10-day/5-day rule of section 170.6, because her challenge was filed on July 14, 2000, more than five days before the July 25, 2000, case management conference, and more than five days before any future hearing.

Respondent court takes a different view. While conceding that petitioner is correct that her peremptory challenge cannot be deemed untimely on the basis of Judge Rushing's previous orders, respondent court nevertheless asserts that the challenge was untimely on other grounds. Specifically, respondent court contends that the peremptory challenge was not timely filed under the Government Code section 68616, subdivision (i), fast track time limit of 15 days from the date of a party's first appearance in a direct calendar court. Respondent court explains that fast track rules apply because

the court functions substantially as a direct calendar court. Alternatively, respondent court argues that the peremptory challenge was untimely under the all purpose assignment rule of section 170.6, subdivision (2), since Judge Rushing essentially had an all purpose assignment because he was assigned to the case for all purposes except trial.

Petitioner replies to respondent court's contentions by arguing that respondent court is not a direct calendar court within the meaning of Government Code section 68616, subdivision (i). Petitioner also points out that Judge Rushing cannot be considered to have an all purpose assignment, when he has not been assigned to handle the case for all purposes including trial. We agree with petitioner. ■ As discussed at length in our recent decision, *Zilog, Inc. v. Superior Court*, a trial court is not a direct calendar court within the meaning of Government Code section 68616, subdivision (i), unless the judge is assigned for all purposes including trial. (*Zilog, Inc. v. Superior Court, supra*, 86 Cal.App.4th at p. 1320.) Because respondent court admits that Judge Rushing has not been assigned to this case for all purposes including trial, Judge Rushing does not have a direct calendar assignment within the meaning of Government Code section 68616, subdivision (i). For the same reason, Judge Rushing does not have an all purpose assignment. Therefore, petitioner was not required to file her peremptory challenge within the 15-day time limit of Government Code section 68616, subdivision (i), or within the 10-day time limit of the all purpose assignment rule set forth in section 170.6, subdivision (2).

■ However, petitioner was required to file her peremptory challenge in reference to a pending trial or a hearing involving a contested issue of law or fact. She did not do so, instead filing her peremptory challenge more than five days before a case management conference. As we have discussed, a case management conference does not involve a determination of contested issues of law or fact and thus a peremptory challenge under section 170.6 cannot be used to disqualify a judge from presiding at a case management conference. Nor can a peremptory challenge be filed on the basis that a hearing on a contested matter may be held in the future course of litigation. We therefore conclude that the trial court did not err in denying petitioner's peremptory challenge.

Finally, for the assistance of the trial court and parties, we explain the consequences of our ruling. Petitioner's peremptory challenge filed July 14, 2000, was ineffective and the trial court's correct denial of the peremptory challenge does not operate as a bar to a future peremptory challenge in these proceedings. (See *Truck Ins. Exchange v. Superior Court, supra*, 67

Cal.App.4th at p. 148.) However, in this opinion we express no view as to the timeliness or merits of any future peremptory challenge by any party to any judge.

### IV. DISPOSITION

The petition of plaintiff Jennifer G. Grant for writ of mandate is denied. The temporary stay order is vacated. Each party to bear its own costs in these original proceedings.

Bamattre-Manoukian, J., and Wunderlich, J., concurred.