Filed 5/30/13  Gjersvold v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| MATTHEW JOHN GJERSVOLD, | |
| Petitioner, | E058426 |
| v. | (Super.Ct.No. SWF1300918) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; Petition for writ of mandate.  Rafael A. Arreola,

Judge.  (Retired judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to

art. VI, § 6 of the Cal. Const.)  Petition granted.

Brian Boles, Interim Public Defender, and William A. Meronek, Deputy Public

Defender, for Petitioner.

No appearance for Respondent.

1

Paul Zellerbach, District Attorney, and Kelli Catlett, Deputy District Attorney, for Real Party in Interest.

In this matter, we have reviewed the petition, the real party in interest's response, as well as the record. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

It is generally stated that the appellate court reviews the trial court's ruling on a statement of disqualification for abuse of discretion. (*Grant v. Superior Court* (2001) 90 Cal.App.4th 518.) However, where, as here, the facts are undisputed, we must merely apply the applicable law to those facts.

As a general rule, a challenge of a judge is permitted under Code of Civil Procedure section 170.6[1] any time before the commencement of a trial or hearing. (*People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1171 (*Lavi*).)

As explained in section 170.6, subdivision (a)(2), the exceptions to the general rule are known as the 10-day/5-day rule, the master calendar rule, and the all purpose assignment rule. For any given factual scenario, it must be determined whether any of these exceptions are applicable, or whether the general rule (the commencement of trial rule) should apply. (*Lavi*, *supra*, 4 Cal.4th at p. 1172.) None of these exceptions apply to the present circumstances. Petitioner presented his challenge to Judge Arreola at the

---

[1] Statutory references are to the Code of Civil Procedure.

conclusion of the hearing on March 29, 2013.  The recusal was too late to affect that hearing.  However, it was timely with respect to any and all future hearings before Judge Arreola because he had not ruled on a contested fact issue involving the merits of the case.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Riverside County Superior Court to set aside its order denying petitioner's motion for disqualification of Judge Arreola and to issue a new order granting this motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIERZ
P. J.

MILLER
J.

3