Filed 12/3/14  Bowman v. Westwick CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN C. BOWMAN, as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN K. WESTWICK,<br><br>    Defendant and Appellant. | 2d Civil No. B248295<br>(Super. Ct. No. 1403268)<br>(Santa Barbara County) |

John C. Bowman is the trustee of the R. James and Phyllis Westwick Family Revocable Living Trust (Trust), as amended.[1]  After James died, Bowman petitioned the trial court, inter alia, for an instruction that certain potential claims against the Trust by appellant John K. Westwick and his siblings are time-barred under Code of Civil Procedure section 366.3.[2]  The court granted the petition based on declarations and other documents submitted by the parties.

Appellant contends, and we agree, the trial court erred by granting the contested petition without allowing an evidentiary hearing.  Once appellant objected to adjudication of the petition based on documentary evidence, an evidentiary hearing was

---

[1] Because most of the parties share the same last name of Westwick, we refer to them by their first names to avoid confusion.  No disrespect is intended.

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

required under Probate Code section 1022. Accordingly, we reverse the order granting the petition and remand for an evidentiary hearing. We dismiss, as moot, the appeal from the court's denial of the motion to vacate the order under section 473, subdivision (b).

## FACTS AND PROCEDURAL BACKGROUND

James and Phyllis were married in 1972. They each had children from prior marriages. James died in May 2011. In August 2012, Bowman petitioned for instructions regarding potential claims against the Trust by James's former spouse, Dorothy Keirn Westwick, and their three children, Anne Westwick Dolder, Peter J. Westwick and appellant. The potential claims arose from a marital settlement agreement (MSA) executed by James and Dorothy when they divorced in 1970.

The MSA required that James "maintain a valid will in effect at all times during his lifetime providing that 1/2 of his estate over which he has power of disposition shall on his demise pass to the surviving children of the parties hereto." Neither his will nor Trust complied with this requirement. The MSA also confirmed Dorothy's entitlement to James's life insurance. At some point, James removed her as the beneficiary on that policy, substituting Phyllis in her place.

Following James's death, Bowman engaged in substantial settlement discussions regarding these issues with Dorothy, Anne, Peter and appellant (collectively "objectors"), as well as with Phyllis. In an e-mail dated December 6, 2011, Peter reported to his mother and siblings that "[w]e raised the question of a closing window for legal action and Bowman said that there was no window closing and that he would give us time to hire a lawyer and prepare a case if that is what we wanted to do."

In approximately April 2012, Roland Day, a family friend and retired San Diego attorney, agreed to assist objectors on a pro bono basis. Between April 17, and July 31, 2012, Day and Bowman's attorney, David Nye, exchanged a number of letters discussing settlement and other issues. On July 12, 2012, Nye sent Day a written settlement proposal, which concluded: "On a final note, I will be on vacation the month of September, 2012. . . . I point this out because if there is any desire to resolve this quickly, we should shoot for the end of August. We will do everything we can on our

2

end to accomplish this."  On July 31, 2012, Nye abruptly withdrew all settlement proposals.

Nine days later, Bowman's new counsel filed a verified petition seeking an instruction that any claims by objectors are time-barred by the one-year statute of limitations in section 366.3.[3]  Objectors filed a verified opposition, claiming the petition should be denied because "the [T]rust either has waived its rights to assert such claim through its conduct[,] statements and actions, or similarly should be held estopped to take such position."  Objectors requested that the court "set a future hearing" to hear their anticipated motion to remove Bowman as trustee and further stated:  "It is [the undersigned's] impression that in all likelihood that the court will set a further evidentiary hearing, and therefore ask that the court set what amounts to a trial setting conference, a case management conference, a settlement conference, or other proceedings as it deems appropriate."

The matter was assigned for all purposes to Judge Colleen K. Sterne, and set for hearing on September 13, 2012.  Because Judge Sterne was unavailable on that date, the parties' counsel appeared before Judge Thomas P. Anderle, who continued the matter to September 27.  The day before the hearing, Judge Anderle issued a tentative ruling granting the petition as to the claims by Anne, Peter and appellant.  He concluded Dorothy's claim was beyond the scope of the petition because the life insurance policy was not part of the will or Trust.

After weighing the declarations and other evidence, Judge Anderle determined objectors had failed to establish their estoppel claim.  He found that Day, who had begun representing them at least 40 days before expiration of the limitations period, had a duty to obtain a written agreement to waive the statute or to file a proceeding to preserve their claim.  Because objectors were represented by counsel at that time, Judge

---

[3] Section 366.3, subdivision (a), states:  "If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

3

Anderle concluded "it does not appear that they relied on any misrepresentation, silence or other conduct in neglecting to file a claim. Certainly it does not appear they and/or their counsel exercised diligence in ascertaining the deadline for filing a claim within the time set forth in [section] 366.3."

At the hearing, Day disputed the tentative and said he intended to seek to disqualify Judge Anderle for cause under section 170.1 because the judge had represented James in 1986 in an action involving Dorothy's child support. Day further stated: "[A]s I brought up very briefly two weeks ago, my understanding of the law is that in a contested hearing like this, that it's an abuse of discretion to deny a request for an evidentiary hearing, which I am requesting." Judge Anderle said he had not seen a request for an evidentiary hearing in the file. Day responded: "I don't know if that was part of our conclusion and prayer to one of our voluminous documents, but I'm making one now."

Judge Anderle was inclined to deny the request for an evidentiary hearing because it was not in writing and was made after the tentative was prepared. Ultimately, he deferred the issue, acknowledging that Day "raised a point that's fair, [I've] represented a client in this matter, [and] I'm reluctant to rule on either the evidentiary hearing request or briefing request in light of the fact that a 170.1 is going to be filed." He continued the hearing to November 29, 2012, and suggested the parties stipulate to another date if the challenge was not resolved by then.

Objectors filed a peremptory challenge of Judge Anderle under section 170.6, in addition to a challenge for cause under section 170.1. Judge Anderle determined the peremptory challenge mooted the other challenge, and on October 16, 2012, filed his decision not to respond to the challenge for cause.

Judge Sterne, who was sitting in the designated department on November 29, 2012, heard the petition "as a matter of routine." Day did not appear, as he believed the matter would not proceed until a successor judge was appointed. Judge Sterne stated on the record that she had independently reviewed Judge Anderle's tentative decision, found it persuasive and adopted it as her ruling. Bowman's counsel sent a copy of the proposed order to Day.

4

On December 5, 2012, Day filed separate challenges to Judge Sterne under sections 170.6 and 170.1. The latter challenge was based, in part, on his assertion that "many if not most of the issues herein (request for evidentiary hearing, further briefing, etc.) have not been addressed." He requested that Judge Sterne refrain from entering a final order and advised that a motion to set aside the decision would be filed. On December 13, 2012, Judge Anderle signed, on Judge Sterne's behalf, the final order granting the petition for instructions. The language of the order is identical to his original tentative decision.

On December 19, 2012, the presiding judge determined the section 170.6 challenge to Judge Sterne was a nullity since objectors already had used the single challenge permitted under that statute. (§ 170.6, subd. (a)(4).) Because Judge Sterne did not respond to the section 170.1 challenge, the case was reassigned to Judge Donna Geck.

Anne and Peter assigned their claims to appellant. On February 7, 2012, appellant moved under section 473, subdivision (b), for an order setting aside the trial court's order on the grounds of mistake, inadvertence, surprise or excusable neglect. Among other things, he argued Judge Anderle lacked authority to sign the order and that it was an abuse of discretion to deny the request for evidentiary hearing on a contested petition. Judge Geck agreed appellant's counsel had properly requested an evidentiary hearing pursuant to Probate Code section 1022, and noted that if counsel had appeared at the November 29 hearing, "he would have requested an evidentiary hearing again and the judge sitting in probate would have been compelled to grant that request." She denied the motion, however, because appellant had failed to establish his entitlement to relief under section 473.

The clerk served notice of entry of the order denying the motion on March 28, 2013. On April 22, 2013, appellant filed a notice of appeal from the order granting the petition for instructions and the order denying the motion to vacate.

5

DISCUSSION

*Appealability*

Bowman contends the appeal from the order granting the petition for instructions is not properly before this court.  We disagree.  A motion to set aside or vacate a judgment, including a motion under section 473, extends the time to appeal the judgment if the motion was filed within the applicable time period for appealing the judgment.  (Cal. Rules of Court, rule 8.108(c);[4] *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1136; *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 56; *In re Marriage of King* (2000) 80 Cal.App.4th 92, 109 ["to extend the time for filing a notice of appeal from the underlying judgment . . . a section 473 motion must be filed within the . . . normal . . . time period of 60 days from mailing or service of entry of judgment"].)  Here, the 60-day period to appeal the order granting the petition began to run on December 14, 2012, when Bowman served notice of entry of the order.  (Rule 8.104(a)(1)(B).)  Thus, the deadline to appeal the order was February 12, 2013.  Objectors filed their section 473 motion on February 7, within the statutory deadline.

In response to our request for supplemental briefing on this issue, Bowman acknowledges that rule 8.108(c) extends the time to appeal an underlying judgment, but notes the rule applies only if the motion to vacate is "procedurally valid."  He contends appellant's motion was not procedurally valid because it sought relief on grounds that, if accepted, would not have warranted relief under section 473.  The extension applies, however, as long as the motion was "based on some *recognized ground* for vacation -- i.e., it must have been a *statutory* motion under CCP §473 or §663, or a nonstatutory motion based on extrinsic fraud or mistake."  (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2013) ¶ 3:82, p. 3-39); see *Lamb v. Holy Cross*

---

**4** All further references to rules are to the California Rules of Court.  Rule 8.108(c) states:  "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move -- or a valid motion -- to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of:  [¶]  (1) 30 days after the superior court clerk or a party serves, an order denying the motion or a notice of entry of that order;  [¶]  (2) 90 days after the first notice of intention to move -- or motion -- is filed; or  [¶]  (3) 180 days after entry of judgment."

*Hospital* (1978) 83 Cal.App.3d 1007, 1010; *In re Marriage of King, supra,* 80 Cal.App.4th at p. 108.) Appellant's motion was brought as a statutory motion under section 473 and treated as such by Judge Geck. As Bowman concedes, the motion's substantive merit has no bearing on the propriety of a rule 8.108(c) extension. (Eisenberg et al., Civil Appeals and Writs, *supra*, ¶ 3:82.1, p. 3-40; rule 8.108, Adv. Com. com.)

Accordingly, the filing of the motion extended the time to appeal the order to the earliest of three dates: (1) 30 days after service of the order denying the motion to vacate; (2) 90 days after the motion was filed or (3) 180 days after entry of the order. (Rule 8.108(c).) The earliest possible deadline here was April 29, 2013 -- 30 days after the clerk served the order denying the motion. The notice of appeal was filed before that deadline. The appeal lies, therefore, from both the order granting the petition and the order denying the motion to vacate. (*Ibid.; In re Marriage of King, supra,* 80 Cal.App.4th at p. 108.)

*Request for Evidentiary Hearing*

Appellant contends that once objectors requested an evidentiary hearing, the probate court was required to grant that request. Probate Code section 1022 states that "[a]n affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code." Courts have interpreted this statute to require live testimony whenever an objection is raised to the adjudication of an issue by affidavits, declarations or verified petitions. (E.g., *In re Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1308-1309 (*Bennett*); *Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620 ["[W]hen challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing"].)

In *Bennett*, certain family members of the decedent filed a motion to set aside a settlement agreement. (*Bennett, supra*, 163 Cal.App.4th at p. 1307.) The motion was opposed. (*Id.* at pp. 1305, 1307.) Although both sides submitted declarations supporting their positions, the opponents argued the factual issues required a "trial or evidentiary hearing on the merits." (*Id.* at p. 1307.) The trial court took the matter under

7

submission without hearing oral testimony and ultimately ruled in the family's favor. (*Id.* at p. 1308.)  The Court of Appeal held this was reversible error.  (*Id.* at pp. 1309-1310.)

*In re Estate of Lensch* (2009) 177 Cal.App.4th 667, 678 (*Lensch*), reached the same conclusion.  Lensch's mother left a will leaving him half of her estate.  When his body was found shortly after she died, his children filed a petition to determine the order of death.  (*Id.* at p. 675.)  After the trial court announced its tentative decision to rule against them, the children orally requested an evidentiary hearing.  The court denied the request, finding that Lensch survived his mother and that no further evidentiary hearing was required.  (*Id.* at pp. 672-673.)  Noting the opposition transformed the petition into a contested matter, the Court of Appeal rejected the argument the children waived the issue by failing to raise it before the hearing.  (*Id.* at pp. 677-678.)  It concluded that "[o]nce a petition is contested, as this one was, the court erred in refusing to permit appellants to proceed to an evidentiary hearing on the question of whether [Lensch] survived [his mother]."  (*Id.* at p. 678.)

In ruling on the section 473 motion, Judge Geck found that the petition for instructions was contested and that "[c]learly [objectors'] counsel orally requested an evidentiary hearing on September 27, 2012."  While she acknowledged that *Bennett* and *Lensch* compelled that the request be granted, she determined objectors were not entitled to relief under section 473 because counsel had failed to appear and renew the request before Judge Sterne at the November 29 hearing.

The issue on appeal from the order granting the petition, however, is not whether relief should have been granted under section 473.  It is whether objectors opposed the petition and timely requested an evidentiary hearing.  (Prob. Code, § 1022; *Lensch, supra,* 177 Cal.App.4th at pp. 677-678; *Bennett, supra*, 163 Cal.App.4th at pp. 1307-1308.)  Substantial evidence supports Judge Geck's finding that they did.  Indeed, Bowman does not dispute this point.  He maintains objectors waived the request by failing to appear and renew it before Judge Sterne.

Bowman cites no authority suggesting that once a timely request for an evidentiary hearing is placed on the record, it must be renewed if another judge hears the

case. Once the request was made, the petition became a contested matter, entitling objectors to an evidentiary hearing on their estoppel claim. (*Lensch, supra,* 177 Cal.App.4th at p. 678; *Bennett, supra,* 163 Cal.App.4th at pp. 1308-1309.) Objectors never withdrew their request. Ideally, their counsel, Roland Day, would have appeared at the November 29 hearing and reiterated the request, but as Judge Geck observed, it was unclear exactly how the matter would proceed if Judge Anderle was disqualified. Noting that Day is from San Diego, she found that "even local counsel might find this situation confusing."

Furthermore, Judge Sterne expressed "concern" about Day's absence at the hearing, remarking "[t]here are things to discuss." She said, "I'm very, very puzzled why he's not here." Bowman's counsel urged her to proceed without him, saying that if "Mr. Day, for some particular reason, feels that he needs to request that the Court set . . . aside [the order] for excusable neglect or his failure to appear or some other equitable basis he has that remedy available to him." Judge Sterne responded: "Very well. So the tentative is adopted."

When Day learned Judge Sterne had adopted Judge Anderle's tentative decision, he took prompt action. He filed a challenge against Judge Sterne for cause based, in part, on the failure to grant an evidentiary hearing. He requested that she refrain from entering a final order and advised he would be moving to set aside the decision. While it would have been more appropriate, and likely more effective, to have raised the issue in a formal objection to the proposed order or in a motion for reconsideration, the matter nonetheless was brought to Judge Sterne's attention before the order was signed. Moreover, the order was signed, not by Judge Sterne, but by Judge Anderle -- the judge to whom the request for an evidentiary hearing was directed. There is no question he was aware of the request when he signed the order.

This dovetails into appellant's contention that, regardless of the failure to provide an evidentiary hearing, the order is void because Judge Anderle improperly signed it on Judge Sterne's behalf. Judge Geck determined that because Judge Anderle was disqualified under section 170.6, his ministerial act of signing the order was

9

permissible given that he was not the judge actually adjudicating the contested issues. (See *Mezzetti v. Superior Court* (1979) 94 Cal.App.3d 987, 991 [judge disqualified under section 170.6 may not hear any matter involving "a contested issue of law or fact"].) Even assuming this was within the letter of the law, allowing a disqualified judge to "facilitate[] entry" of an order he originally drafted in a contested matter might not be within its spirit. In the absence of an exigency, it would have been prudent for another judge to sign the order.

In addition, Judge Sterne's authority to issue the final order is not certain. Section 170.4, subdivision (c)(1), states that once a judge is disqualified for cause under section 170.1, "all orders and rulings of the judge . . . made after the filing of the statement shall be vacated." Objectors filed their statement before entry of the order. While we do not condone their apparent strategy of challenging an adverse ruling through disqualification of the judge, rather than through an appropriate objection or motion, trial judges have discretion to strike defective or specious challenges. (§ 170.4, subds. (b), (d); *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972.) Judge Sterne's decision to acquiesce to her disqualification for cause appears, at a minimum, to raise a question regarding the order's validity. (§ 170.4, subd. (c)(1).)

Since we conclude the order granting the petition must be reversed for failure to provide an evidentiary hearing, we need not decide whether the judicial disqualifications impacted its validity. The matter has been reassigned to Judge Geck "for all purposes, including trial." We express no opinion on the merits of the petition or opposition.

Our reversal of the order moots the appeal from Judge Geck's denial of the motion to vacate under section 473. (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1205-1206; *Aries Dev. Co. v. California Coastal Zone Conservation Com.* (1975) 48 Cal.App.3d 534, 551, fn. 8

10

["Reversal of the judgment renders moot the question whether the . . . motion to vacate should have been granted"].) We therefore dismiss that portion of the appeal.

DISPOSITION

The order granting the petition for instructions is reversed and the matter is remanded for an evidentiary hearing. The appeal from the denial of the motion to vacate that order is dismissed as moot. Appellant shall recover his costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

11

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Roland B. Day for Defendant and Appellant.

The Law Office of John Derrick, John Derrick; Fell Marking Abkin & Montgomery and Frederick W. Montgomery for Plaintiff and Respondent.