Filed 9/13/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent. | B311725<br><br>(Los Angeles County Super. Ct. No. BH013505) |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Superior Court of Los Angeles County, Ronald S. Coen, Judge. Petition granted.

Kendall Brill & Kelly, Robert E. Dugdale and Laura W. Brill, for Petitioner.

Leah C. Gershon for Respondent.

In this writ proceeding instituted by the Los Angeles Metropolitan Transportation Authority (MTA), we principally consider whether a magistrate's decision to authorize a search warrant constitutes a decision on a "contested fact issue[ ] relating to the merits" under Code of Civil Procedure section 170.6 (section 170.6).

MTA's petition arises from a special proceeding it filed on March 8, 2021, to quash a search warrant. The warrant was authorized by Judge Ronald Coen on February 26, 2021. Consistent with Penal Code section 1538.5, subdivision (a), the superior court assigned the motion to quash to Judge Coen for decision on March 18, 2021.

On April 1, 2021, MTA filed a section 170.6 peremptory challenge against Judge Coen. Judge Coen concluded he had decided a contested issue on the merits when he issued the search warrant and struck the section 170.6 peremptory challenge as untimely.

MTA then filed this petition for writ of mandate. We issued an order to show cause and stayed the hearing on the motion to quash. In a response to the petition and our order to show cause, counsel for the respondent court conceded a magistrate's issuance of a search warrant is not a determination on a contested fact issue relating to the merits within the meaning of section 170.6 and MTA's peremptory challenge was timely. As we will briefly explain, that is correct.

"An application for search warrant . . . almost invariably is presented ex parte." (*People v. Mack* (1977) 66 Cal.App.3d 839, 844.) In most cases, the party to be searched is unaware law enforcement is seeking a search warrant and learns of it only when the warrant is served. The party has no opportunity to

2

contest issuance of the search warrant and no opportunity to peremptorily challenge the magistrate authorizing it. For this reason, ex parte determinations are not "the result of a hearing upon a contested issue" within the meaning of section 170.6, subdivision (a)(2) such that a peremptory challenge would be barred. (*Thompson v. Superior Court* (1962) 206 Cal.App.2d 702, 709; see generally *Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 525 ["[A]n otherwise timely peremptory challenge must be denied if the judge has presided at an earlier hearing which involved a determination of contested factual issues relating to the merits"].) A provision of the Penal Code that expressly contemplates a section 170.6 challenge will lie against a magistrate who initially issued a search warrant further reinforces our conclusion. (Pen. Code, § 1538.5, subd. (b) [providing a motion challenging a search warrant, whether by way of a motion to suppress evidence or a motion to quash the search warrant (see *People v. Hobbs* (1994) 7 Cal.4th 948, 975), should first be heard by the magistrate who issued the search warrant—but "subject to the provisions of Sections 170 to 170.6, inclusive, of the Code of Civil Procedure"].)

As to the timeliness of the section 170.6 challenge here, a section 170.6 peremptory challenge is timely if made at least five days before a hearing, where the hearing date is known more than ten days in advance, and the judicial assignment is not for all purposes. (§ 170.6, subd. (a)(2).) We have already explained an application for a search warrant is an ex parte procedure and not a "hearing" for purposes of section 170.6; the relevant hearing is accordingly the hearing on the motion challenging the warrant. MTA's challenge was timely filed prior to that hearing and should have been granted.

DISPOSITION

The petition for writ of mandate is granted.  The cause is remanded to the superior court with directions to grant petitioner's section 170.6 challenge and to reassign the matter to a new judge.

**CERTIFIED FOR PUBLICATION**

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

4