[No. B122333. Second Dist., Div. Seven. Sept. 24, 1998.]

TRUCK INSURANCE EXCHANGE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PARK NORTHRIDGE HOMEOWNERS ASSOCIATION, Real Party in
Interest.

**COUNSEL**

Horvitz & Levy, David M. Axelrad, Lisa Perrochet, L. Rachel Helyar, Cooper, Kardaras & Scharf, Brand Cooper, Jeffrey D. Scharf and Scott D. Zonder for Petitioners.

No appearance for Respondent.

Quisenberry & Barbanel, John N. Quisenberry, Brian S. Kabateck, David C. Parisi and Marnie C. Lambert for Real Party in Interest.

**OPINION**

**LILLIE, P. J.**—Petitioners seek a writ of mandamus and/or prohibition to compel respondent superior court to vacate its order of May 20, 1998, granting the challenge of real party in interest, Park Northridge Homeowners Association (hereinafter Park Northridge), to Judge Ronald E. Cappai. The primary issue in this proceeding is whether a party has exhausted its right pursuant to Code of Civil Procedure section 170.6, subdivision (3), to one peremptory challenge per action or proceeding, when its peremptory challenge has been dismissed as untimely.[1]

FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 1997, Judge George Xanthos of the Los Angeles Superior Court, to whom the case was assigned, denied as untimely Park Northridge's

---

[1]All further statutory references are to the Code of Civil Procedure.

request pursuant to section 170.6 for peremptory disqualification and continued all further proceedings until June 9, 1997. On April 21, Park Northridge filed with this court a petition for writ of mandamus regarding the denial of the peremptory challenge; we denied the petition. On June 5, Park Northridge filed a petition for review in the California Supreme Court.

In June 1997, Judge Xanthos continued to rule on motions in the case and continued the trial date to October 6, 1997.

On July 23, 1997, the California Supreme Court granted Park Northridge's petition for review and transferred the matter back to this court. This court, thereafter, ordered further briefing and scheduled oral argument. On September 3, 1997, this court stayed all proceedings in superior court pending further order of the court.

On November 6, 1997, counsel for all parties and respondent court appeared before this court for oral argument regarding the denial of Park Northridge's peremptory challenge. At that time, respondent court's counsel informed all present that Judge Xanthos had retired from the bench, thus rendering Park Northridge's petition moot. On December 3, 1997, this court issued an order dismissing Park Northridge's petition as moot.

The case was thereafter assigned to Judge Cappai and on May 15, 1998, Park Northridge filed a peremptory challenge seeking disqualification of Judge Cappai pursuant to section 170.6. On May 18, Judge Cappai found the challenge to be timely filed and in proper format and the challenge was accepted. The case was transferred forthwith to department 1 for reassignment.

On May 20, 1998, the case was assigned to Judge Enrique Romero in department 25 of the Los Angeles Superior Court.

On May 27, 1998, petitioner filed the instant petition for writ of mandamus and/or prohibition contending that Park Northridge had exhausted its one opportunity to peremptorily challenge a judge pursuant to section 170.6 when it filed an untimely challenge to Judge Xanthos.

DISCUSSION

*Is the Intent of Code of Civil Procedure Section 170.6 to Provide Each Party or Side With One Change of Judge or the Right Only Once to Object to the Assignment of the Judge?*

Section 170.6, subdivision (3) provides: "If the motion is duly presented and the affidavit or declaration under penalty of perjury is duly filed or such

oral statement under oath is duly made, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge, . . . to try the cause or hear the matter. . . . Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding."

■ "The applicable principles of statutory construction are well settled. 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning.' [Citation.] If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) If the statute is susceptible to more than one interpretation, then its meaning should be determined in light of the legislative intent of the statute. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 846 [157 Cal.Rptr. 676, 598 P.2d 836].)

■ Petitioner interprets section 170.6, subdivision (3), by focusing on the language that "no . . . party [shall] make more than one . . . motion." In contrast, Park Northridge interprets the statute by focusing on the "duly filed" requirement and the "shall assign some other judge" result. The nexus between the statute's two sections is found in the legislative intent.

In 1957, Senate Bill No. 829 was enacted to add section 170.6 to the Code of Civil Procedure. The Senate Judiciary Committee Report explained the purpose of the law in relevant part: "The theory of the proposed law . . . is that one change of judges is warranted when a party or his attorney makes an affidavit in the form required." (Sen. Interim Com. on Judiciary (1955-1957) Rep. (1957) p. 103). Additionally, a June 4, 1957, report on Senate Bill No. 829 (1957 Reg. Sess.) from the State of California Office of Legislative Counsel states that the bill "[p]rovides that if [a] motion is presented and affidavit is filed, the case shall be assigned to another judge." The report explains that Senate Bill No. 829 provides a remedy when a "judge is prejudiced against any such party or attorney or his interest so that the party or attorney cannot or believes he cannot have a fair and impartial trial or hearing before the judge."

■ "Section 170.6 guarantees a litigant 'an extraordinary right to disqualify a judge.' [Citations.]" (*Nissan Motor Corp.* v. *Superior Court* (1992)

6 Cal.App.4th 150, 154 [7 Cal.Rptr.2d. 801].) "The section 'should be liberally construed with a view to effect its objects and to promote justice.' [Citation.]" (*Ibid.*) The object of section 170.6, subdivision (3), as indicated above is to provide the party and attorney with a substitution of judge to safeguard the right to a fair trial or hearing. The resulting change of judge completes the peremptory challenge.

■ Hence, to follow the petitioner's interpretation of the statute, i.e., that Park Northridge's untimely and denied peremptory challenge was exercised, only runs afoul of the legislative intent. While section 170.6, subdivision (3), was established to protect parties and provide them the opportunity to avert predicted bias in the proceedings, that opportunity was not exercised as the trial judge dismissed Park Northridge's challenge as untimely and presided over the matter.

Petitioner erroneously applies the provisions of section 1005.5 to peremptory challenges and argues pursuant to that section "[a] motion is 'deemed to have been made' 'upon the due service and filing of the notice of motion. . . .'" "A statement of disqualification [however] is not a motion. . . . [T]he determination of a judge's disqualification is outside the usual law and motion procedural rules." (*Urias* v. *Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 422 [285 Cal.Rptr. 659].) Unlike the usual law and motion procedural rules, a peremptory challenge is not subject to a judicial hearing in order to be granted; rather, it takes effect instantaneously. Further, section 1005.5 states that it applies to motions requiring written notice. The language of section 170.6 makes it clear, however, that peremptory challenges do not require notice. In sum, section 1005.5's provisions are inapplicable to challenges pursuant to section 170.6, and section 170.6 must be interpreted, according to its plain language and legislative intent, as exercised when the challenged judge transfers the case for reassignment.

*A Peremptory Challenge Is Exhausted Not When the Party Files the Motion but When the Change of Judge Occurs.*

Petitioner claims that the peremptory challenge or motion is made once a party files the application, regardless of the outcome. Not so. If a challenge is properly made, it takes effect immediately; if a judge is presented with a timely and proper challenge, the judge must immediately transfer the case for reassignment. (*Louisiana-Pacific Corp.* v. *Philo Lumber Co.* (1985) 163 Cal.App.3d 1212, 1219 [210 Cal.Rptr. 368]; *Sunkyon Trading (H.K.) Ltd.* v. *Superior Court* (1992) 9 Cal.App.4th 282, 291 [11 Cal.Rptr.2d 504].) Section 170.6, subdivision (3), applies if a motion has been "duly presented" and a declaration under penalty of perjury has been "duly filed." Black's Law

Dictionary, defines "duly" as "[i]n due or proper form or manner; according to legal requirements . . . properly . . . according to law in both form and substance." (Black's Law Dict. (6th ed. 1990) p. 501, col. 2.) Section 170.6, subdivision (3), provides a party may not be permitted to make more than one "such" motion. In the words of the statute "such" motion refers to one that has been "duly" made.

Here, the motion was not duly and properly made and the judge against whom the challenge was made dismissed it as untimely. Consequently, that judge had no reason to transfer the case for reassignment. Since the statute and case law make it clear that reassignment is contemporaneous to the challenging party's presentation of the motion and the filing of the affidavit, by logic, the converse is true. As in the present case, absent the change of judge, no peremptory challenge was exhausted and the litigants retain the right to exercise one peremptory challenge per proceeding.

Petitioner analogizes that Park Northridge has fired its one shot by filing its motion for peremptory challenge. Petitioner cites an out-of-state case, *Hickox* v. *Superior Court in & for Cty. of Maricopa* (1973) 19 Ariz.App. 195 [505 P.2d 1086] as persuasive. In that case, the court denied a request to withdraw a peremptory challenge against a judge whom, as it later turned out, would not have been available to hear the case. That court analogized that the party had already fired its only shot. That analogy does not apply to the case at hand. Whereas in *Hickox*, the peremptory challenge was timely and proper, the peremptory challenge here was not. The trial judge dismissed the motion as untimely; the fact that the judge was removed from the case was a result of his retirement, not of the peremptory challenge. As the challenge was dismissed as untimely and a subsequent change of judge did not occur, the party's "bullet" was not wasted.

Further, the right to a peremptory challenge cannot be illusionary. (*Nissan Motor Corp.* v. *Superior Court, supra*, 6 Cal.App.4th 150, 154.) The right to judicial substitution is guaranteed when proper and timely. Petitioners' argument that the right is eliminated even if the motion is procedurally flawed makes the peremptory challenge illusionary. In the present case, Park Northridge had the right to a substitution of judge pursuant to section 170.6. A change of judge was not achieved as described in section 170.6, subdivision (3); therefore, the right was not exercised. If this court were to hold that the peremptory challenge had been exhausted absent the events stated in the statute, this court would eliminate the party's right to one peremptory challenge.

*The Doctrine of Judicial Estoppel Does Not Bar Park Northridge's Claim.*

As Park Northridge observes, the doctrine of judicial estoppel does not apply. Park Northridge is not now contending that its peremptory challenge

to Judge Xanthos was not duly filed. Rather, it is claiming that since the application was determined to have been not duly filed and was, therefore, dismissed, and having received no change in judge as a result of the application, it has not exhausted its right to peremptorily challenge a judge.

## DISPOSITION

The petition for writ of mandamus and/or prohibition is denied and the stay of proceedings is vacated. Each party to bear its own costs.

Johnson, J., and Woods, J., concurred.