[No. G045591. Fourth Dist., Div. Three. Oct. 28, 2011.]

RICHARD A. FRISK, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
NORTHWEST SURGICAL DEVELOPMENT COMPANY, INC., Real Party
in Interest.

**COUNSEL**

Neal M. Goldstein for Petitioner.

No appearance for Respondent.

Greco, Traficante, Schulz & Brick, Clyde C. Greco, Jr., Peter J. Schulz and Jon S. Brick for Real Party in Interest.

**OPINION**

**ARONSON, J.**—This writ proceeding involves a defendant with as brief a lifespan in the underlying action as an adult mayfly. During its short presence in the lawsuit, the defendant filed a peremptory challenge to the assigned judge under Code of Civil Procedure section 170.6.[1] The defendant was dismissed from the lawsuit, however, before the trial court accepted the peremptory challenge. As a result, the court deemed the peremptory challenge moot because it was not made by a "party" to the action.

Does a peremptory challenge not yet reviewed and accepted by the court survive the dismissal of the litigant filing it? Petitioner, a codefendant, who did not file his own peremptory challenge, contends it does. According to the petitioner-codefendant, the peremptory challenge became immutable and irrevocable at the moment it was made, instantly requiring the removal of the assigned judge.

---

[1] Following the Supreme Court's suggestion in *The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1031, footnote 3 [22 Cal.Rptr.3d 885, 103 P.3d 283] (*Home Ins.*), we refer to motions to disqualify made pursuant to Code of Civil Procedure section 170.6 as "peremptory challenges." Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

■     Peremptory challenges may be unassailable as to the substantive claim of bias, but they still require immediate judicial review for timeliness and proper form. As both our Supreme Court and Legislature have made clear, peremptory challenges may be lost by direct or indirect waiver. Here, the court properly declined to accept the dismissed defendant's peremptory challenge.

We recognize that *Louisiana-Pacific Corp. v. Philo Lumber Co.* (1985) 163 Cal.App.3d 1212 [210 Cal.Rptr. 368] (*Louisiana-Pacific*) holds to the contrary, but *Louisiana-Pacific* based its decision on a legal landscape that has since shifted. As we explain, a peremptory challenge takes effect when the court determines the section 170.6 motion has been "duly" made in both form and substance. Accordingly, we deny the petition for writ of mandate.

I

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Richard A. Frisk (Frisk) was the founder and chief executive officer of real party in interest Northwest Surgical Development Company, Inc. (Northwest), which operates cosmetic treatment centers under the trade name "Athenix Body Sculpting Institute."

In June 2011, Northwest purported to fire Frisk, and sued him for injunctive relief, breach of employment contract, breach of the shareholders' agreement, and breach of fiduciary duty. Northwest alleged that Frisk diverted more than $650,000 from Northwest through various artifices, using the money for his personal benefit and for the purported benefit of another corporation, Avanti Skin Co. (Avanti), which Frisk also is said to have created. Northwest asserted additional causes of action against Frisk and Avanti for fraud, constructive trust, and declaratory relief.

On June 16, the case was assigned for all purposes to Judge Frederick P. Horn, and Northwest appeared ex parte to seek a temporary restraining order to prohibit Frisk from contacting Northwest's officers and employees, entering its offices, or using its computers. Judge Horn granted the temporary restraining order.

The next day, Northwest personally served Frisk with a copy of the complaint, the temporary restraining order, and various other documents. (Northwest did not then serve Avanti.) Northwest sought a preliminary injunction against Frisk, alleging he misappropriated funds for his personal use, and attempted to fabricate or destroy evidence.[2]

Frisk vigorously opposed the preliminary injunction in proceedings before Judge Horn, who held an initial hearing, established a discovery and briefing schedule, and set the matter for a further hearing. Frisk did not file a peremptory challenge to Judge Horn.

Northwest did not serve Avanti with a copy of the complaint until early July, at which time the proceedings regarding the preliminary injunction were well under way. Northwest served Avanti by personally serving Frisk, who was its registered agent for service of process. Avanti retained separate counsel to represent it in the lawsuit.

On July 19, Avanti filed a peremptory challenge to Judge Horn. Avanti's attorney alleged that Judge Horn "is prejudiced against Defendant Avanti or the interest of Defendant Avanti so that this declarant believes that Defendant Avanti cannot have a fair or impartial hearing of any matter before the Honorable Frederick P. Horn."

On July 22, Northwest filed a request for dismissal without prejudice of the causes of action against Avanti only. The superior court clerk entered the dismissal as requested on the same day.

On July 26, Judge Steven L. Perk took the bench to determine the timeliness and technical sufficiency of Avanti's peremptory challenge. Judge Perk declined to accept the peremptory challenge because Avanti was not a party to the action. The minute order stated: "Court deems Defendant Avanti Skin Company Inc's Motion for Peremptory Disqualification Moot."

On July 28, Frisk objected to Judge Horn's failure to recuse himself following Avanti's peremptory challenge. Frisk filed a petition for writ of mandate in this court. Frisk asked this court to direct the trial court to immediately assign the case to another judicial officer. We issued a temporary

---

[2] We take judicial notice of the superior court file on our own motion to fully determine the procedural history. (Evid. Code, § 452, subd. (d).)

stay, requested further briefing, and informed the parties that we were considering issuing a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] (*Palma*).)

## II

### DISCUSSION

### A. Governing Principles

The Legislature's enactment of section 170.6 granted litigants the right to disqualify judges for "prejudice" without proof. Prejudice is deemed to be established if a party or an attorney declares, under penalty of perjury, a good faith belief the judge is prejudiced. The affidavit of prejudice is incontestable, both regarding the alleged prejudice and the declarant's sincerity. (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 192–193, 196–198 [137 Cal.Rptr. 460, 561 P.2d 1148].)[3]

Peremptory challenges are creatures of statute. They are presented in the form of a motion, but they fall outside the usual law and motion procedural rules, and are not subject to a judicial hearing. (*Truck Ins. Exchange v. Superior Court* (1998) 67 Cal.App.4th 142, 147 [78 Cal.Rptr.2d 721] (*Truck*).) A duly presented peremptory challenge is effective "without any further act or proof" upon acceptance by the trial court. (§ 170.6, subd. (a)(4).)[4]

Trial courts must act upon peremptory challenges at the first available opportunity, before ruling on contested issues, lest this important right be lost or diminished through procedural tactics or maneuvers. (See *Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1157 [19 Cal.Rptr.3d 363].) Once the court promptly determines the motion is properly made, "the disqualification takes effect instantaneously and requires the court to transfer the cause immediately for reassignment." (*Ibid.*)

---

[3] Section 170.6, subdivision (a)(1), provides: "A judge . . . shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding."

[4] Section 170.6, subdivision (a)(4), provides: "If the motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed . . . the judge supervising the master calendar, if any, shall assign some other judge, court commissioner, or referee to try the cause or hear the matter. In other cases, the trial of the cause or the hearing of the matter shall be assigned or transferred to another judge, court commissioner, or referee of the court in which the trial or matter is pending . . . ."

■ In *People v. Hull* (1991) 1 Cal.4th 266 [2 Cal.Rptr.2d 526, 820 P.2d 1036] (*Hull*), our Supreme Court stressed that the determination whether to accept or reject a peremptory challenge is a significant judicial event, with important consequences for the lawsuit and the litigants. Most notably, this judicial determination is reviewable only by immediate writ of mandate, not by appeal from a subsequent judgment. "The Legislature, through section 170.3(d), has specifically determined that a writ of mandate shall be the exclusive means of challenging a denial of a motion to disqualify a judge." (*Hull, supra,* 1 Cal.4th at p. 275; see also *D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 849–850 [98 Cal.Rptr.3d 300] (*Harvard-Westlake*).)[5]

■ In fashioning this device, the Legislature endeavored to "strike a balance between the needs of litigants and the operating efficiency of the courts." (*Home Ins., supra,* 34 Cal.4th at p. 1032.) To discourage abusive tactics like judge shopping and the unfair manipulation of erroneously denied challenges, the statute permits only one peremptory challenge for each side, and there are strict rules regarding timing. (§ 170.6, subd. (a)(4).) "We have not permitted ' " "a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration.' " ' [Citations.]" (*Home Ins., supra,* 34 Cal.4th at p. 1033.)

One of the most important limitations upon peremptory challenges is the requirement that a *party* to the action or proceeding must bring the challenge. (§§ 170.3, subd. (d), 170.6, subd. (a)(1); see *Curle v. Superior Court* (2001) 24 Cal.4th 1057 [103 Cal.Rptr.2d 751, 16 P.3d 166] [trial judges cannot file writ petitions to challenge their own disqualification]; *Avelar v. Superior Court* (1992) 7 Cal.App.4th 1270, 1274 [9 Cal.Rptr.2d 536] (*Avelar*) [police department, as custodian of records, cannot exercise peremptory challenge to trial judge hearing a *Pitchess* motion in a criminal case].)[6]

A second key limitation on peremptory challenges involves the doctrines of waiver and abandonment. Peremptory challenges do not implicate the court's fundamental jurisdiction and may be waived by litigants who permit the proceedings to go forward without objection. (*Stebbins v. White* (1987) 190

---

[5] Section 170.3, subdivision (d), provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification. If the notice of entry is served by mail, that time shall be extended as provided in subdivision (a) of Section 1013."

[6] Section 170.6 bars judicial officers from acting in civil or criminal actions if a peremptory challenge is filed pursuant to the statute by any "party or attorney appearing in the action or proceeding." (§ 170.6, subd. (a)(1).) Similarly, section 170.3, subdivision (d), limits appellate review to writ petitions "only by the parties to the proceeding."

Cal.App.3d 769, 772 [235 Cal.Rptr. 656] (*Stebbins*) ["a party who withdraws his peremptory challenge waives the right to object to the challenged judge on appeal"]; *In re Christian J.* (1984) 155 Cal.App.3d 276, 280 [202 Cal.Rptr. 54] ["the parties here proceeded to litigate the merits of the juvenile petition in reliance on Judge Vandegrift's ruling that he was not disqualified in the case, during which time the minor never protested the judge's continuing jurisdiction"].)

■ In *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 525 [10 Cal.Rptr.2d 444] (*Andrisani*), a case, although reassigned to a different judge after a peremptory challenge, was not transferred. As a result, the original judge ruled on various motions connected with the case. *Andrisani* rejected the claim the original judge's postdisqualification orders were null and void: "We hold that where the party asserting disqualification of a judge by peremptory challenge fails to bring the issue to the attention of the trial court, any right to assert the disqualification on appeal is waived. The same result obtains whether the waiver is express or implied." (*Id.* at p. 526.)

B.  *Avanti's Peremptory Challenge Did Not Establish That Judge Horn Was Prejudiced Against a Party to the Action*

Avanti became a party to this action when Northwest personally served it with a copy of the complaint in mid-July 2011. Avanti therefore was a party when it timely filed its peremptory challenge to Judge Horn on July 19, 2011.

Avanti's status, however, changed when Northwest dismissed it as a defendant to the lawsuit. The superior court clerk entered the judgment of dismissal on July 22, 2011. When the clerk engaged in this ministerial task, the peremptory challenge still was pending because the court had not yet determined whether to accept it.

The court did not determine whether to accept Avanti's peremptory challenge until July 26 when Judge Perk considered the matter. While Judge Perk was barred from inquiring into the *merits* of the challenge, Judge Perk properly considered whether the peremptory challenge was "duly presented" and "duly filed." (§ 170.6, subd. (a)(4); see *Home Ins., supra,* 34 Cal.4th at pp. 1032–1033; *Hull, supra,* 1 Cal.4th at p. 274; see also *Truck, supra,* 67 Cal.App.4th at p. 148.)

At the time Judge Perk did so, Avanti was not a party to the litigation, having been dismissed four days earlier. Obviously, under these circumstances, Avanti could not assert it was a party to the action who "cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge, court commissioner, or referee." (§ 170.6, subd. (a)(6); see *Avelar,*

*supra*, 7 Cal.App.4th at p. 1274.) The result is the same as if the peremptory challenge had been waived or abandoned. (*Andrisani, supra*, 8 Cal.App.4th at p. 525; *Stebbins, supra*, 190 Cal.App.3d at p. 772; *In re Christian J., supra*, 155 Cal.App.3d at p. 280.)

Our opinion does not contradict the longstanding principle that peremptory challenges, once accepted by the court, remain effective notwithstanding the subsequent dismissal of the challenging party. As our Supreme Court noted in *Home Ins., supra*, 34 Cal.4th at p. 1033, "when a party among several on the same side has disqualified a trial judge pursuant to section 170.6 and subsequently is dismissed from the action, the disqualification is not thereby annulled—the remaining parties on the same side are not entitled to a new peremptory challenge." Here, Avanti was dismissed from the litigation *before* its motion to disqualify Judge Horn (§ 170.6) came to the court for acceptance. Far from being annulled, the peremptory challenge was never effective because it had been rendered moot.

C.   *The* Louisiana-Pacific *Decision*

■ Frisk argues we should follow *Louisiana-Pacific, supra*, 163 Cal.App.3d 1212, which he contends is on "all fours" with this case. We disagree. *Louisiana-Pacific*'s assumption that peremptory challenges are instantaneous and irrevocable immediately upon filing is at odds with the statutory language and subsequent decisional law. Whatever may have been its viability in 1985, it is not good law today. " '[T]he authority of an older case may be as effectively dissipated by a later trend of decision as by a statement expressly overruling it.' " (*Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club* (2006) 140 Cal.App.4th 1120, 1131 [45 Cal.Rptr.3d 207].)

In *Louisiana-Pacific*, the Court of Appeal reversed as "void" a judgment for a plaintiff following a court trial, finding that a codefendant's properly filed and timely peremptory challenge divested the trial judge of authority to proceed further in the case, even though the codefendant who filed the challenge was promptly dismissed from the case.

The plaintiff sued three defendants, an individual and two corporations in which the individual defendant had a controlling interest. The individual defendant filed a timely peremptory challenge to the assigned trial judge. The next day, the plaintiff filed a voluntary dismissal, with prejudice, against the individual defendant, and proceeded to trial against the two corporate defendants. At trial, the corporate defendants objected to the challenged judge's authority to proceed, but the judge disagreed, stating: "That defendant has been dismissed from the action and we'll proceed against the others." (*Louisiana-Pacific, supra*, 163 Cal.App.3d at p. 1215, capitalization omitted.)

*Louisiana-Pacific* held the trial judge lacked jurisdiction to proceed once the individual defendant filed a peremptory challenge: "We hold that because the challenge takes effect *instantaneously and irrevocably*, then later events (such as the dismissal of the party who asserted the challenge) do not cause a rescission of the challenge. Thus, all parties 'benefit' from the challenge." (*Louisiana-Pacific, supra*, 163 Cal.App.3d at p. 1219, italics added.)

*Louisiana-Pacific* adopted a hard-and-fast rule for peremptory challenges to take effect immediately upon filing, thereby terminating *"forthwith and irrevocably* that judge's authority to act in any manner in that case, save to transfer the case to another judge . . . ." (*Louisiana-Pacific, supra*, 163 Cal.App.3d at p. 1221, italics added.) "We reiterate our conclusion that, once exercised, a peremptory challenge cannot be rescinded, whether it operates to the advantage or disadvantage of coparties who have not expressly joined in the challenge." (*Ibid.*)

As we have seen, this fundamental assumption is fatally flawed. Following the California Supreme Court decision in *Hull, supra*, 1 Cal.4th 266, losing parties no longer can challenge as "void" subsequent rulings and judgments by a disqualified judge. Indeed, if they do not timely file a writ of mandate (§ 170.3, subd. (d)), they cannot obtain appellate review of unsuccessful peremptory challenges at all, and "subsequently entered orders and judgments of the challenged judge remain valid." (*Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156, 1163 [260 Cal.Rptr. 99] (*Guedalia*).)

*Hull* undermines *Louisiana-Pacific*'s rationale that peremptory challenges are "irrevocable" and "irreversible" once exercised. To the contrary, *Hull* stresses the trial court must first determine to accept or reject the peremptory challenge. "[Appellant] argues, 'all that a judge facing a peremptory challenge has to do is the ministerial function of determining whether the challenge has the proper form, whether the challenge was presented at the proper time, and possibly whether the party or attorney is making more than one motion in any one action or special proceeding.' We disagree. . . . In certain situations, the judge may 'determine' that prejudice was not properly established." (*Hull, supra*, 1 Cal.4th at p. 274; see also *Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 528 [108 Cal.Rptr.2d 825] [peremptory challenge properly rejected because case management conference does not involve a contested issue of law or fact, and cannot be considered a hearing for purposes of § 170.6].)

■ In like fashion, in *Truck, supra*, 67 Cal.App.4th 142, the Court of Appeal conducted an extensive statutory analysis of section 170.6, and concluded peremptory challenges are not self-executing. Instead, they take effect when accepted by the court and when the case is assigned to another

judge. "The object of section 170.6, subdivision (3) . . . is to provide the party and attorney with a substitution of judge to safeguard the right to a fair trial or hearing. *The resulting change of judge completes the peremptory challenge.*" (67 Cal.App.4th at p. 147, italics added.)

In *Truck*, a homeowners association exercised a peremptory challenge to the original trial judge, but the judge dismissed the challenge as untimely. After the original judge retired, the association sought to exercise its one-time peremptory challenge to the second judge. The other side objected, arguing the peremptory challenge was exhausted immediately upon filing, regardless of outcome. *Truck* rejected the argument, holding that the peremptory challenge was not "duly" filed and presented until it came to the court for acceptance. "Here, the motion was not duly and properly made and the judge against whom the challenge was made dismissed it as untimely. Consequently, that judge had no reason to transfer the case for reassignment." (*Truck, supra*, 67 Cal.App.4th at p. 148.)

█ Under these circumstances, Judge Perk properly looked at the state of the pleadings when the matter came before him at the July 26 hearing and determined Avanti's peremptory challenge was moot because Avanti, the only party who had asserted the challenge, had been dismissed out of the lawsuit. Because of the dismissal, the motion was not duly and properly made by a party.

## III

### A FINAL WORD ON FINALITY

█ We publish this opinion because we have concluded *Louisiana-Pacific* has been trumped by subsequent cases like *Hull, supra*, 1 Cal.4th 266, *Truck, supra*, 67 Cal.App.4th at p. 148, and *Andrisani, supra*, 8 Cal.App.4th 517. Because peremptory challenges are reviewable by writ, not appeal, published judicial opinions in writ proceedings are the only means to clarify issues arising under section 170.6, or to address apparent conflicts in the law. (See, e.g., *Guedalia, supra*, 211 Cal.App.3d 1156 [published opinion denying writ petition from trial court order declining to disqualify sitting judge].)

Shortly after Frisk filed his writ petition, we granted his request to stay the action below, including the pending proceedings on a preliminary injunction. This created a particular need for expedition, and we issued a *Palma* notice,

specifically informing the parties that we were considering issuing a writ of mandate in the first instance. (*Palma, supra*, 36 Cal.3d at p. 180.)[7]

Had we issued a peremptory writ in the first instance, our decision by opinion would have followed the customary rules regarding finality, becoming final within 30 days after filing. This 30-day finality period serves the interests of openness and transparency by allowing us to modify or clarify the decision, either on our own motion, or in response to a petition for rehearing. (Cal. Rules of Court, rule 8.490(b)(2).)[8]

Do the same rules of finality apply to a "decision by opinion" *denying* a peremptory writ following a *Palma* notice in statutory situations where writs provide the only means of appellate review?

■ Here, the answer is yes. As explained in the drafters' notes, the court rules "declare the general rule that a Court of Appeal decision is final in that court 30 days after filing. They then carve out specific exceptions—decisions that they declare to be final immediately on filing (see rule[] . . . 8.490(b)(1)). The plain implication is that all other Court of Appeal orders . . . are *not* final on filing." (Advisory Com. com., rule 8.500(e).)[9]

We have determined that this decision should fall within the general 30-day finality rule rather than the immediate finality exception of rule 8.490(b)(1). It is not a summary denial because it constitutes the law of the case and because it is accompanied by a formal opinion. Indeed, because the *Palma* notice dispensed with the need to file a return and hear oral argument, this matter has become the functional equivalent of a "cause" by our issuance of a

---

[7] The Supreme Court has recently explained the reasons for the streamlined writ process, named after its seminal decision in *Palma, supra*, 36 Cal.3d 171: "This accelerated procedure dispenses with the issuance of an alternative writ [or order to show cause], and with the requirement that the Court of Appeal afford an opportunity for formal briefing and oral argument before ordering that a peremptory writ issue." (*Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1241 [104 Cal.Rptr.3d 145, 223 P.3d 15] (*Brown*).) "Additionally, '[b]y eliminating the necessity for full scale response where such a response is unnecessary, such a practice helps to reduce the cost of litigation to the parties . . . .' " (*Id.* at p. 1242.) The triggering mechanism is the so-called "*Palma* notice," which is designed to notify the parties that the court is considering the accelerated process. (*Id.* at p. 1237.)

[8] All subsequent references to rules are to the California Rules of Court, unless otherwise specified. Appellate courts, of course, retain the discretion to shorten the period of finality in writ proceedings "[i]f necessary to prevent mootness or frustration of the relief granted or to otherwise promote the interests of justice . . . ." (Rule 8.490(b)(3).)

[9] Rule 8.490(b) provides, in pertinent part: "(1) The denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause is final in that court when filed. [¶] (2) Except as otherwise provided in this rule, a *decision* in a writ proceeding is final 30 days after the decision is filed." (Italics added.)

formal written opinion denying the petition. (See *Bay Development, Ltd. v. Superior Court* (1990) 50 Cal.3d 1012, 1024 [269 Cal.Rptr. 720, 791 P.2d 290] (*Bay Development*).)

Rule 8.490(b), the immediate finality exception, is designed to apply to *summary* denials of writ petitions. "In our view, [the rule's] exception to the ordinary 30-days-after-filing date of finality was intended to apply only to *summary* denials of writ petitions by the Court of Appeal . . . ." (*Bay Development, supra*, 50 Cal.3d at p. 1024, italics added.)

Summary denials do not constitute law of the case, and do not establish any legal precedents. They come with little explanation, if any. "A short statement or citation explaining the basis for the summary denial does not transform the denial into a decision of a cause entitled to law of the case effect. As one court has explained: '. . . While it is true that the court accompanied the summary denial with an explanatory comment, we do not regard that comment as a formal opinion (Cal. Const., art. VI, § 14) precluding this court from considering the issue anew upon this hearing at which the parties have had an opportunity to brief and argue the case in full.' " (*Kowis v. Howard* (1992) 3 Cal.4th 888, 895 [12 Cal.Rptr.2d 728, 838 P.2d 250].)

In contrast, our denial here is on the merits and constitutes law of the case. Because writ relief is the only authorized mode of appellate review for peremptory challenges, our decision, in contrast to routine summary denials, is binding on the parties, and cannot be revisited on a subsequent appeal. (*Harvard-Westlake, supra*, 176 Cal.App.4th at p. 850.) As such, we judge the petition on its procedural and substantive merits, and our determination whether to grant or deny the petition "is necessarily on the merits." (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 670 [94 Cal.Rptr.2d 61, 995 P.2d 191] (*Leone*); see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172–1173 [103 Cal.Rptr.3d 509]; see discussion in *People v. Medina* (1972) 6 Cal.3d 484, 492 [99 Cal.Rptr. 630, 492 P.2d 686] (*Medina*) [distinguishing writ denials where the Court of Appeal issues a "written opinion which decides the merits"].)

By accompanying our decision to deny a writ with a written opinion setting forth the reasons for our ruling, we have complied with the constitutional requirements for formal written opinions as if the matter has become a "cause." Indeed, we have certified the opinion for publication. In *Bay Development*, the Supreme Court found it "appropriate" to treat an appellate court's denial of a writ petition by written opinion following oral argument "as the equivalent of an order issuing an alternative writ or order to show

cause" for purposes of the court rules regarding finality. (*Bay Development, supra*, 50 Cal.3d at p. 1025.)[10]

This opinion follows a *Palma* notice because of an " 'unusual urgency requiring acceleration of the normal process.' " (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1258–1259 [82 Cal.Rptr.2d 85, 970 P.2d 872] (*Lewis*).) After reviewing the writ petition, the opposition and the trial court record, we have concluded (1) the papers before us adequately address the issues raised by the petition; (2) no factual dispute exists; (3) additional briefing is unnecessary, and (4) there is a compelling temporal urgency. All of these factors call for the accelerated procedure authorized in section 1088, and described in *Palma*. (*Brown, supra*, 47 Cal.4th at p. 1241, citing *Palma, supra*, 36 Cal.3d at p. 178.)

Proceedings in respondent court have been stayed, including whether to issue a preliminary injunction, pending our determination of the writ petition. "[P]lacing the matter on calendar would have delayed resolution of a case requiring an immediate decision." (*Lewis, supra*, 19 Cal.4th at pp. 1251–1252.)

It is true that the Supreme Court in *Bay Development* recommended that appellate courts in the future "should follow the contemplated statutory procedure by issuing an alternative writ or order to show cause before setting a writ matter for oral argument." (*Bay Development, supra*, 50 Cal.3d at p. 1025, fn. 8; see also *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 228, fn. 2 [45 Cal.Rptr.2d 207, 902 P.2d 225] (*Guardino*).) Neither *Bay Development* nor *Guardino*, however, contemplated the exigencies encompassed by the accelerated *Palma* process. (*Lewis, supra*, 19 Cal.4th at p. 1258.)

These circumstances distinguish *Bay Development*'s emphasis on cases "in which the Court of Appeal sets a writ matter for oral argument, hears oral argument and resolves the matter by full written opinion." (*Bay Development, supra*, 50 Cal.3d at p. 1024.) As *Lewis* pointed out, "we had no reason in *Bay Development* to decide whether the parties must be afforded an opportunity for oral argument before an appellate court issues a peremptory writ in the first instance." (*Lewis, supra*, 19 Cal.4th at pp. 1242–1243.)

It makes sense to retain appellate jurisdiction in the Court of Appeal during the usual period of finality to reexamine a published opinion, thereby lessening the burdens on the Supreme Court to exercise its powers of grant and transfer. (See, e.g., *Countrywide Home Loans, Inc. v. Superior Court*

---

[10] Rule 8.264(a), which is expressly applicable to the filing and modification of decisions in writ proceedings (see rule 8.490(a)), distinguishes between "orders of the court" (rule 8.264(a)(1)) and "[a] decision by opinion . . . ." (Rule 8.264(a)(2).)

(1997) 54 Cal.App.4th 828, 832 [62 Cal.Rptr.2d 899] ["A rule prohibiting courts, acting on their own motion while they retain jurisdiction over a case, from correcting their own errors, serves no purpose we can fathom and would ultimately cause unjust results, inefficiencies in the judicial process and unnecessary delays."].) It also provides the losing petitioner adequate time to address the appellate opinion when filing a petition for review with the Supreme Court. (Rule 8.500(e)(1) [petition for review must be filed within 10 days after finality].)

Our interpretation of rule 8.490(b)(2) dovetails with the policies underlying the publication rules, which restart the period of finality when a publication order ensues. (See, e.g., rules 8.264(b)(3), 8.490(b)(4).) These provisions are "intended to allow parties sufficient time to petition the Court of Appeal for rehearing and/or the Supreme Court for review—and to allow potential amicus curiae sufficient time to express their views . . . ." (Advisory Com. com., rule 8.264(b).) We ask the obvious: how may parties or potential amici curiae address their concerns to the issuing court, if the court loses any power to review the published opinion on the day it is filed?

Under rule 8.500(c)(2), the parties to this writ proceeding cannot challenge any alleged omission or misstatement in our statement of issues and fact in a petition for review to the Supreme Court unless they call such matters to our attention in a petition for rehearing. The parties cannot comply with this rule if our opinion is final immediately upon filing.

It is the combination of factors existing here that makes this matter the functional equivalent of a "cause" to which the 30-day rule of finality applies. By no means do we question the application of the immediate finality exception in rule 8.490(b)(1) to summary denials of writ petitions, even where they follow the issuance of a *Palma* notice. The mere issuance of a *Palma* notice, followed by a summary denial, does not create a "cause" within the meaning of article VI, section 14 of the California Constitution. (*Brown, supra*, 47 Cal.4th at p. 1246, citing *Palma, supra*, 36 Cal.3d at p. 178 & fns. 5, 6.) "[N]ot every matter presented to the court for a ruling . . . is a cause that requires a written decision." (*In re Rose* (2000) 22 Cal.4th 430, 452 [93 Cal.Rptr.2d 298, 993 P.2d 956].)

The "something more" that distinguishes this matter is our discretionary determination to issue a formal opinion in the course of an accelerated writ proceeding where our denial by opinion is a decision on the merits. (*Harvard-Westlake, supra*, 176 Cal.App.4th at pp. 849–850; see also *Medina, supra*, 6 Cal.3d at p. 492; *James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1019 [41 Cal.Rptr.2d 762] [notifying parties of court's intent to determine matter on the merits "and that our written opinion would create a cause"].)

To avoid an "unconscionable trap for the unwary" (*Bay Development, supra*, 50 Cal.3d at p. 1024), we announce the period of finality in the body of the opinion and in the disposition.

## IV

### DISPOSITION

We deny the petition for writ of mandate. This denial becomes final as to this court 30 days after filing. The temporary stay order is vacated immediately upon the filing of this decision. The parties shall bear their own costs in these original proceedings.

Rylaarsdam, Acting P. J., and Ikola, J., concurred.

A petition for a rehearing was denied November 23, 2011, and the opinion was modified to read as printed above.