**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS ALMEIDA, | No. 17-16302 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02689-JD |
| v. | |
| CLARK E. DUCART, Warden; R. BELL, Assistant Warden; D. GONGORA; J. BEESON, Special Agent; R. BURT, Special Agent; B. NEAL, Counselor, | MEMORANDUM* and ORDER |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,** District Judge.

Carlos Almeida appeals the district court's denial of his pro se federal

habeas petition, which alleged that prison officials violated his constitutional rights

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

by finding he was an in-prison gang member and incarcerating him for four years in a Security Housing Unit ("SHU"). The district court dismissed Almeida's petition, finding it barred by claim preclusion because he had alleged the same claim in a state habeas petition, which the state court denied. All but one sentence of the state court's page-and-a-half order described a new pilot program in the prison that "provided for case-by-case consideration . . . of previously validated gang affiliates for release from SHU." The one sentence addressing the merits of Almeida's due process claim stated: "In any event, Petitioner has not shown that his due process rights to consideration for release from SHU have been infringed." On appeal, Almeida asserts that the state court's decision was a summary denial, and thus the district court erred in concluding it precluded his federal claim. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review a district court's dismissal based on claim preclusion de novo. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016). "California claim preclusion law governs whether, in light of his earlier state habeas petition, [Almeida's] § 1983 claims may be brought in federal court." *Id.* at 1023. Under California law, "the summary denial of a habeas corpus petition does not establish law of the case and does not have a res judicata effect in future proceedings."

2

*Gomez v. Superior Court*, 278 P.3d 1168, 1175 n.6 (Cal. 2012). "By implication, then, reasoned denials of California habeas petitions . . . do have claim-preclusive effect." *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (emphasis omitted) (citing *Gomez*, 278 P.3d at 1175 n.6). In finding Almeida's claim precluded, the district court did not address whether the state court decision was "summary" or "reasoned," stating only that "[t]he superior court considered the evidence and denied the petition in a final judgment on the merits."

The state court's order was a summary denial. The court's description of the prison's new pilot program was irrelevant to the merits of Almeida's due process claim, and its single-sentence holding contained no explanation for the denial. *See Kowis v. Howard*, 838 P.2d 250, 253 (Cal. 1992) ("A short statement or citation explaining the basis for the summary denial does not transform the denial into a decision of a cause entitled to law of the case effect."); *Frisk v. Superior Court*, 132 Cal. Rptr. 3d 602, 612 (Ct. App. 2011) ("Summary denials . . . come with little explanation, if any."). Therefore, the state court's decision does not preclude Almeida from bringing his claim in federal court.[1]

**REVERSED AND REMANDED.**

---

[1] In light of this decision, we do not need to address Almeida's arguments regarding privity or leave to amend, and we grant Almeida's motion for judicial notice.