Filed 8/28/20  Palomar Health v. Super. Ct. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT
DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PALOMAR HEALTH,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent;<br><br>TERRI WIEDRE,<br><br>Real Party in Interest. | D077802<br><br>(San Diego County Super. Ct. No. 37-2020-00014034-CU-WT-CTL) |

ORIGINAL PORCEEDING in mandate.  Katherine A. Bacal, Judge. Petition granted.

Fisher & Phillips and David E. Amaya, Megan E. Walker, and Kevonna Ahmad for petitioner.

No appearance for respondent.

Shegerian and Associates and Carney Shegerian for real party in interest.

Palomar Health petitions for a writ commanding the superior court to grant a motion to disqualify the judge assigned to the civil action filed against it and others by Terri Wiedre.  We grant the petition.

BACKGROUND

Wiedre sued Palomar Health and others in superior court for damages for employment discrimination, wrongful discharge, and other torts.  The case was assigned for all purposes to a judge.   On July 28, 2020, as its first appearance in the action, Palomar Health filed a motion to disqualify the judge (also called a peremptory challenge).  (Code Civ. Proc., § 170.6.)  The motion was in the form prescribed by statute (*id.*, § 170.6, subd. (a)(6)), listed Palomar Health as the entity making the motion, checked the box for a party, and was signed under penalty of perjury by Palomar Health's attorney, David E. Amaya.  On July 29, the judge denied the motion because the "declaration [was] not signed by declarant (Palomar Health)."  On July 31, Amaya submitted a second form motion to disqualify the judge, listing himself as the entity making the motion, checking the box for an attorney, and signing the form under penalty of perjury.   The judge denied the motion and wrote on the order, "only one motion per side & untimely."

Palomar Health promptly petitioned this court for a writ directing the superior court to vacate the order denying the July 31 motion and to enter a new order granting it and requested a stay of further proceedings in the superior court until this court ruled on the petition.  (Code Civ. Proc., § 170.3, subd. (d).)  We granted the stay, notified the parties that we were considering issuing a peremptory writ in the first instance, and invited Wiedre to file a response to the petition.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.)  Wiedre responded that she did not oppose the relief that Palomar had requested.

2

DISCUSSION

The superior court erred by denying as untimely the July 31 motion to disqualify. When a civil action has been assigned to a judge for all purposes, a defendant or an attorney representing the defendant may file a motion to disqualify the judge within 15 days of the defendant's first appearance in the action. (Code Civ. Proc., § 170.6, subd. (a)(2).) The July 31 motion, filed three days after Palomar Health first appeared in the action, was therefore timely.

The superior court also erred by denying the July 31 motion as an impermissible second motion by the same side. "In actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, *only one motion for each side may be made* in any one action or special proceeding." (Code Civ. Proc., § 170.6, subd. (a)(4), italics added.) Earlier in the same paragraph, the quoted statute refers to a "duly presented" motion, which "without any further act or proof" requires reassignment of the case to a different judge. (*Ibid.*) The purpose of the one-motion-per-side rule is to prevent "abuse[] by parties seeking to delay trial or to obtain a favorable judge" by filing successive disqualification motions. (*Johnson v. Superior Court* (1958) 50 Cal.2d 693, 697; accord, *The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) Therefore, the limit of one motion per side is not met until a motion results in the disqualification of the assigned judge. (See *Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 62 ["By enacting section 170.6, the Legislature *guaranteed* litigants the right to automatically disqualify a judge based solely on a good faith belief in prejudice"].) Palomar Health's first motion, filed on July 28 as its first appearance in the underlying action, did not result in the disqualification of

3

the assigned judge; it was *denied* for a perceived procedural defect. The second motion, filed three days later by Palomar Health's attorney, was therefore not barred by the one-motion-per-side rule.

Where, as here, "a party timely files, in proper form, a motion to disqualify a judge based upon [Code of Civil Procedure section 170.6], the trial court is bound to accept the disqualification without further inquiry." (*The Home Ins. Co. v. Superior Court, supra,* 34 Cal.4th at p. 1032.) To correct the superior court's error in refusing to do so, a peremptory writ in the first instance is appropriate. There are no material facts in dispute, the applicable law is settled, Palomar Health is clearly entitled to relief, disqualification issues require prompt resolution, and no useful purpose would be served by plenary consideration of the issue. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 416.)

## DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate its order denying the July 31, 2020 motion to disqualify (peremptory challenge) and to enter a new order granting the motion. The stay previously issued by this court will dissolve upon finality of this opinion. The parties will bear their own costs. (Cal. Rules of Court, rule 8.493(a)(1)(B).)

AARON, J.


WE CONCUR:


BENKE, Acting P. J.


IRION, J.