Filed 10/10/25  Garten v. Corbett CA2/7

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SYLVIA GARTEN, | B336868 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 19TRCV00625) |
| FRANK JAMES CORBETT et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Meller & Floyd and Harry E. Floyd for Defendants and Appellants.

Spierer, Woodward, Corbalis & Goldberg, Stephen B. Goldberg and Michelle R. DeMason for Plaintiff and Respondent.

————————————

# INTRODUCTION

Frank James Corbett and Renee M. Smith (Appellants) appeal from a judgment entered in favor of their neighbor, Sylvia Garten, who sued them for nuisance based on a hedge on their property that encroached on her property. Appellants argue the evidence at trial does not support the judgment or the award of damages to Garten. But Appellants, represented by counsel, failed to provide an adequate record for us to review the judgment entered against them. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) Appellants do not provide any record of the testimony or evidence at trial, and thus they have not met their burden to demonstrate the judgment was erroneous. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Appellants and Garten live in adjacent properties in Redondo Beach. In 2019, Garten sued Appellants for nuisance.

---

[1]  Without the benefit of a complete record on appeal, we recite the facts and procedural history as available. To aid in our review, we take judicial notice of the trial court's minute orders on our own motion. (See Evid. Code, §§ 452, subd. (d), 459; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 407, fn. 2 [taking judicial notice of superior court file on the court's own motion to "fully determine the procedural history"]; *County of Orange v. Superior Court* (2007) 155 Cal.App.4th 1253, 1256, fn. 1 ["The trial court's orders . . . are records of a court of this state, of which we may properly take judicial notice."].)

The appellate record does not include a copy of Garten's complaint. It appears, however, that Garten alleged that a hedge on Appellants' property was too high and "encroach[ed]" onto her property. (See Civ. Code, § 841.4 ["Any fence or other structure in the nature of a fence unnecessarily exceeding 10 feet in height maliciously erected or maintained for the purpose of annoying the owner or occupant of adjoining property is a private nuisance."].)

The court held a bench trial "on January 25, 26, 2022; March 2, 8, 2022; January 18, 19, 2023; March 7, 8, 2023; and April 17, 18, 2023." The court's minute orders reflect that the parties presented testimony from several witnesses and introduced numerous exhibits during the 10-day trial. The proceedings were reported by a court reporter. After trial, the trial court issued a proposed statement of decision on August 3, 2023.

The court adopted a final statement of decision and entered judgment for Garten on August 25, 2023. The court awarded damages to Garten in the amount of $35,000, plus costs. The judgment also ordered Appellants to "maintain the *hedge . . .* at a height no higher than [their] first floor level roof eave/roof gutter," to "maintain and trim all sides of the hedge, which shall not encroach onto [Garten's] Property, solely from [Appellants'] Property," and to "maintain the *other vegetation . . .* at a height no greater than 10 feet, as measured from the natural grade or pool deck grade on [Appellants'] Property." The judgment further ordered that Garten "shall have the right to trim any section of the hedge that encroaches onto [her] Property" and Appellants "shall be responsible for reimbursing [Garten] the actual costs incurred for any such work."

Appellants timely appealed.  Garten moved for sanctions, arguing Appellants "filed a frivolous appeal solely to cause delay" in enforcing the judgment.[2]  We consider Garten's motion for sanctions alongside the merits of this appeal.

## DISCUSSION

Appellants contend the evidence at trial supported judgment in their favor.  Appellants assert the trial evidence was "clear" that "Appellants and their predecessors have utilized the existing hedge as a privacy hedge," such that "the growth of this boundary hedge" did not "involve[e] malice" or constitute a nuisance.  Appellants also argue Garten introduced "no evidence" at trial "to support a claim for damages, much less damages in the sum of $35,000."  Appellants, however, have not provided any record of the testimony or evidence at the trial, or the court's final statement of decision supporting the judgment.

A.     *Appellants Do Not Demonstrate Error on Appeal Because the Record is Inadequate to Consider Their Arguments*

"[I]t is settled that:  'A judgment or order of the lower court is *presumed correct* . . . and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate

---

[2]     Garten also moved to dismiss this appeal.  This court denied Garten's motion without prejudice.

4

court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."'" (*Jameson*, *supra*, 5 Cal.5th at p. 609.) Specifically, unless the record demonstrates otherwise, "'a reviewing court must presume that the record contains evidence to support every finding of fact.'" (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887; accord, *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) ""'[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*); accord, *Jameson*, at p. 609.)

The record Appellants provide on appeal is inadequate to satisfy their burden to demonstrate the judgment was erroneous. The clerk's transcript consists of the trial court's register of actions, the final judgment (but not the final statement of decision), the notice of entry of the judgment, Appellants' notice of appeal, and Appellants' notice designating the appellate record. Appellants provided no reporter's transcript of the trial or settled statement summarizing the trial testimony. (See Cal. Rules of Court, rules 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings."], 8.137 [settled statement].) Appellants also did not seek to incorporate any of the trial exhibits into the record on appeal.

On this record, we cannot review whether the judgment Appellants challenge is supported by the evidence. If the appellate record "does not contain the evidence before the trial court," the reviewing court must "conclusively presume[] that the

5

evidence sustained the [trial court's] findings." (*Kubon v. Kubon* (1958) 51 Cal.2d 229, 232; accord, *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9 (*East County*) ["[I]f the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record, and thus infer that substantial evidence' supports the trial court's findings."]; *Foust, supra,* 198 Cal.App.4th at p. 187 [affirming judgment where inadequate record contained "only selected excerpts from the clerk's transcript" and no "reporter's transcript or the exhibits presented at trial"]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters. . . .* The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence."].) Here, the clerk's transcript provides no description of the evidence at trial regarding the nuisance cause of action or the resulting damages awarded and thus, we must presume the trial court had substantial evidence to enter judgment in favor of Garten and award damages.

Appellants' record is also inadequate because it omits the trial court's statement of decision. "A statement of decision facilitates appellate review by revealing the bases for the trial court's decision." (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 293.) "'Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule,' as we would have no means of ascertaining the trial court's

6

reasoning or determining whether its findings on disputed factual issues support the judgment as a matter of law." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 982.)

Appellants describe in their briefing certain testimony and exhibits provided by the parties at the trial. "While [Appellants] have offered their representation as to what evidence was provided in the trial court, their representation is not evidence." (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362; accord, *In re Hochberg* (1970) 2 Cal.3d 870, 875 ["'an appellate court . . . is limited to a consideration of matters contained in the record of trial proceedings'" and "'[m]atters not presented by the record cannot be considered on the suggestion of counsel in the briefs'"], rejected on another ground in *In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 3.) To meet their burden of demonstrating error, Appellants needed to support their briefing with citations to a complete record of the trial evidence and the court's statement of decision. (See *LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1062 [inadequate record for substantial evidence review, where appellants "omit[ed] from the record on appeal substantial portions of the trial court record" and "fail[ed] to include record cites for . . . assertions of fact in their statement of facts"]; *EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 775 [same, where appellants' briefing did not cite to the record and "the record does not include any of the trial proceedings, leaving us no way to evaluate the merits" of the appeal].)

"By failing to provide an adequate record, [Appellants] cannot meet [their] burden to show error and we must resolve any challenge to the [judgment] against [them]." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

7

B.    *Garten's Motion for Sanctions*

After Appellants filed their opening brief, Garten moved for sanctions, arguing "Appellants filed this appeal solely to delay enforcement of injunctive relief awarded by the judgment." Garten cited "Appellants' complete failure to designate any real record . . . coupled with their improper reliance on matters outside of the record, and bad faith tactics before the trial court." After Appellants filed their reply, Garten filed a supplemental motion for sanctions, arguing that the reply brief "falsely state[s] that the Complaint is in the record on this Appeal" and contained a "wholly invented quote" attributed to case authority.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*); see Cal. Rules of Court, rule 8.276(a); see also Code of Civ. Proc., § 907.)  "The two standards are often used together, with one providing evidence of the other.  Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Flaherty*, at p. 649.)  Nevertheless, sanctions must be applied sparingly "so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. . . . An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Id.* at p. 650.)

"Whether to impose appellate sanctions is a matter within [this court's] discretion." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.)  We decline to impose sanctions under the circumstances presented here.

8

Indeed, "'the borderline between a frivolous appeal and one which simply has no merit is vague indeed . . . .' [Citation.] . . . [Sanctions] should be used most sparingly to deter only the most egregious conduct." (*Flaherty*, *supra*, 31 Cal.3d at pp. 650-651; see, e.g., *Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 836 [imposing sanctions due to improper motive where appellant made "personal attacks" and "numerous unsubstantiated claims . . . [of] an elaborate conspiracy to destroy him"]; *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 519 [same, where appellant "consistently has refused to discharge the obligations imposed by the judgment unless compelled by court order," "pursued every possible avenue to deny support to his children, . . . has failed to pay support even when ordered to do so by the court, and has attempted to take advantage of a delay caused at least in part by his attorneys"].)

## DISPOSITION

The judgment is affirmed. Garten is entitled to her costs on appeal. Garten's motion for sanctions is denied.


MARTINEZ, P. J.

We concur:


SEGAL, J.                    STONE, J.

9